**IN PRO PER:**                              **310-897-6644**

**JULIETA JIMENEZ**

**2034 CHARITON ST.**

**LOS ANGELES, CA 90034**

```
FILED
JAN 19 2021
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY:                  Deputy Clerk
```

**PLAINTIFF APPEARING WITHOUT AN ATTORNEY:**

## CLERK OF THE UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES, DIVISION

| | |
|---|---|
| In re: | ) **Case No. 2:20-bk-20564-SK** |
| | ) **Adv. Case No.** |
| **JULIETA JIMENEZ** | ) **Chapter 13** |
| Debtor | ) |
| _____ | )**1. COMPLAINT FOR DECLARATORY** |
| JULIETA JIMENEZ | )    **RELIEF FRBP 7001 (9)** |
| | ) |
| Plaintiff | )**2. INJUNCTIVE RELIEF IMPOSITION OF** |
| v. | )    **THE STAY FRBP 7001 (7)** |
| | ) |
| **ARCPE 1, LLP, aka ARCPE Holding, LLC** | )**3. VALIDITY PRIORITY TO REMOVE LIEN** |
| c/o Wilshire Financial Loan Service, c/o | )    **OF DEFENDANTS FRBP 7001 (2)** |
| **Wilshire Financial Network** | )    Pursuant to FRBP 3001 (a) (d) (f) (g) |
| **E-Loan, Inc., Popular Mortgage Services, Inc.** | )**4. ESCROW OFFICER DECLARATION** |
| **Mortgage Electronic Registration Systems, Inc** | )   Date: |
| Defendants | )   Time: |
| _____ | )   Place: |

## INTRODUCTION

1. This is an action brought by the plaintiff for a Declaratory Relief, Imposition of the Stay and to Remove Lien of Defendants Pursuant to FRBP 3001 (a)(d)(f)(g) filed by debtor Julieta Jimenez ( the " Debtor " and /or " Plaintiff ").

2. This action is also filed to enforce and to implement other Bankruptcy Code provisions and Rules related thereto as plead herein below.

### JURISDICTIONAL ALLEGATIONS

3. This adversary proceeding arises out of and is related to the above captioned chapter 13 case of

Julieta Jimenez Case No. 2:20-bk-20564-SK, now pending in this United States Bankruptcy Court.

Therefore this court has jurisdiction over this matter pursuant 28 U. S. C. SEC 157, 1334 and

General Order No. 266 of the United States District Court for the Central District of California.

4. Defendant ARCPE 1, LLP aka ARCPE Holding, LLC has a claim against plaintiff, as defined by

11 U.S.C  SEC 101 (5) . The complaint, as  set forth herein, involves the determination of the secured

status of a claim pursuant to 11 U. S. C.  SEC 506, and as such, constitute a " core " proceeding

pursuant to  28 U. S. C.  SEC 157 (2) .

5.Venue for this motion is proper pursuant to 20 U. S. C.  SEC  1409 (a) .

### GENERAL ALLEGATIONS

6. Plaintiff owns a parcel of real estate property commonly know as 2034 Chariton Street, Los

Angeles, California 90034. Debtor currently lives in the property.

7. Plaintiff filed the above captioned Chapter 13 case in good faith on November 30, 2020

8. As of the date of the filing of the case, the following liens encumbered the property:  A First Deed

of Trust in favor  of  Specialized Loan Servicing, LLC., in the amount of $ 362,312.08 and a Second

Deed of Trust claimed by Defendant ARCPE 1, LLP aka ARCPE Holding, LLC C/o Wilshire

Financial Network C/o Wilshire Financial Loan Service as trustee, in the amount of $ 311,922.00 see

Schedule " D " filed in this instant Chapter 13 bankruptcy case,  showing that the claim is disputed.

"Exhibit" 1

9. Plaintiff denies obligation of the mentioned debt  claimed by ARCPE 1, LLP aka ARCPE Holding,

LLC. by reasons that the proof of claim presented by ARCPE 1, LLP aka ARCPE Holding, LLC has

not provided an Attachment and an Addendum as prescribed by the Bankruptcy Code and has not

comply with FRBP 3001 subsections (a) (d) (f) (g) which rules emphasized that a Proof of claim must

be a written statement setting forth a creditor's claim and must show "Form and Content" 3001 (a) a

proof of claim must show Evidence of Perfection of Security of Interest meaning, if a security of

interest has been claimed on debtor's property, the proof of claim must be accompanied  by evidence

that the security interest has been Perfected FRBP 3001 (d) a proof of claim filed and executed in

accordance with 3001 FRBP  (f) shall constitute a prima facie evidence of the validity and amount of

the claim. In this instant bankruptcy case ARCPE1, LLP aka ARCPE Holding, LLC has failed to

present an Attachment to its proof of claim that demonstrates an escrow record of  history mortgage

payments, insurance and taxes made by the debtor since the inception of the  claimed second deed of

trust by E-Loan, Inc and Servicer Popular Mortgage Services, Inc. up to the date of default by debtor.

ARCPE 1, LLP aka ARCPE Holding, LLC has misrepresented the accuracy of its accounting in

violation of the FRBP 3001 (f) . Furthermore, to the extent not inconsistent with the United States

Warehouse Act or applicable State law, a Warehouse Receipt, Scale Ticket, or similar document of

the type routinely issued as evidence of title by a facility, as  defined in Section 57 of Title 11, shall

constitute Prima Facie Evidence of the Validity and Amount of a claim of ownership of a claimed

debt. In this instance case scenario ARCPE 1, LLP aka ARCPE Holding, LLC has failed FRBP 3001

(g) in its entirety because it has not presented such receipt to show that ARCPE 1, LLP aka ARCPE

Holding, LLC. has paid for the ownership of the claimed debt. Therefore,  such claim of the second

lien by ARCPE 1, LLP. aka ARCPE Holding, LLC. shall not be an allowed claim as prescribed by

the FRBP 3001 (a)(d)(f)(g) ARCPE 1, LLP aka ARCPE Holding, LLC has only presented Corporate

Assignments as receipt of the second Deed of Trust showing an amount of $160,000.00 that pretends

to show accuracy of events of transfer of the Loan Originated by E-Loan, Inc. the loan originated by

E-Loan, Inc. was subsequently transferred, assigned, sold by Mortgage Electronic Registration

Systems, Inc. acting as Nominee as of May 1st, 2008 to Popular Mortgage Services, Inc. as shown on

" Exhibit  2 "

10. The proof of claim filed by ARCPE 1, LLP aka ARCPE Holding, LLC C/o Wilshire Financial

Network C/o Wilshire Financial Loan Service as trustee is defective for the reasons mentioned above

and also, the corporate assignments presented on the proof of claim filed on December

1st, 2020 by ARCPE 1, LLP aka ARCPE Holding, LLC. C/o Wilshire Financial Network C/o

Wilshire Financial Loan Service, as trustee, do not coincide chronologically as of the dates of the

transfers or assignments. Debtor / plaintiff did not got any notices of the transfers or assignments as is

required by the Real Estate Settlement and Procedures Act. (RESPA).

" Exhibit  3 "

11. As of the date of filing of the chapter 13 bankruptcy case herein, the second Deed of Trust

claimed by ARCPE 1, LLP aka ARCPE Holding, LLC. Was an entirely non existent debt based on

FRBP 3001 (g) because there is no receipt to show that the debt was actually paid by claimant as it is

required by the FRBP 3001 (g) therefore debtor / Plaintiff owes nothing to ARCPE 1, LLP aka

ARCPE Holding, LLC., C/o Wilshire Financial Network C/o Wilshire Financial Loan Service.

### CLAIM FOR RELIEF
{ To determine Claim to be non-existent based on
FBRP 3001 (g) Therefore Defendant's lien must removed}

12. Plaintiff re-allege and incorporate by reference each and every allegation contained in paragraphs

1 through 11, Inclusive,  though fully set forth herein.

13.Pursuant to 11 U. S. C. SEC 506 (d) ARCPE 1, LLP aka ARCPE Holding, LLC claims to the

extent that a lien secures a claim against the debtor that is not an allowed claim, such of claim is void

14. Pursuant to controlling Ninth Circuit Law, the lien of Defendant, ARCPE 1, LLP aka ARCPE

Holding, LLC is completely non-existent  and may be treated as a non allowed to Plaintiff's Chapter

13 Plan, and may be removed.

15. As a result of the foregoing, plaintiff is entitled to an order from the court which removes the lien

of defendant ARCPE 1, aka ARCPE Holding, LLC against plaintiff's residential property, and

declares that the second Deed of Trust is of no further force and effect as a valid lien against

plaintiff's residential property, pursuant to 11 U. S. C.  SEC 506 (d).

**WHEREFORE,** Debtor pray for the following:

1. That a judgment be entered in favor of plaintiff and against Defendant removing the lien created

by the non-existent Second Deed of Trust in favor of ARCPE 1, LLP aka ARCPE Holding, LLC C/o

Wilshiere Financial Network C/o Wilshire Financial Loan Service as trustee.

2. That the automatic stay be re-imposed as if the claim by ARCPE 1, LLP aka ARCPE Holding,

LLC. had never existed.

3. For such other and further relief as this Court deems just and proper.

I declare under penalty of perjury and under the laws of the State of California and under the laws of

the United States of America that the foregoing is true and correct to the best of my knowledge.

Respectfully Submitted,

Executed at Los Angeles, California this 13th Day of January of  2021

Julieta  Jimenez

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

357-E. 33RD STREET

LOS ANGELES, CA 90011

A true and correct copy of the foregoing document entitled (*specify*):  1.  COMPLAINT FOR DECLARATORY RELIEF
FRBP 7001(9) 2.  INJUNCTIVE RELIEF  IMPOSITION OF THE STAY  7001 (7)  3. VALIDITY, PRIORITY TO
REMOVE LIEN OF DEFENDANTS FRBP 7001 (2)  Pursuant to FRBP 3001 (a)(d)(f)(g)

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in
the manner stated below:

**1.  <u>TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)</u>**: Pursuant to controlling General
Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*)
01/14/2021         , I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that
the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated
below:
  United States Trustee (LA)  ustpregion16.la.ecf@usdoj.gov
  Kathy A. Dockery Chapter 13 Trustee (TR) EFiling@LATrustee.com
  Law Offices of Sevan Gorginian sevan@gorginianlaw,com

☐ Service information continued on attached page

**2.  <u>SERVED BY UNITED STATES MAIL</u>:**
On (*date*)   01/14/2021         , I served the following persons and/or entities at the last known addresses in this bankruptcy
case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail,
first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the
judge will be completed no later than 24 hours after the document is filed.

| Law Offices of Sevan Gorginian | Kathy A. Dockery (TR) | United States Trustee (LA) | Mortgage Electronic |
|---|---|---|---|
| 450 N. Brand Blvd Suite 600 | 801 S. Figueroa St. 1850 | 915 Wilshire Blvd 1850 | Registration Systems, Inc |
| Glendale, CA 91203 | Los Angeles, CA 90017 | Los Angeles, CA 90017 | P. O. Box 2026 |
| | | | Flint, MI 48501-2026 |

☐ Service information continued on attached page

**3.  <u>SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL</u>** (state method
for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*)    01/14/2021          , I served
the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to
such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration
that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is
filed.
The United States Bankruptcy Court Honorable Judge: Ms. Sandra R. Klein  255 E. Temple Street, 15th Floor,
Courtroom 1575, Los Angeles, CA 90012

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 01/14/2021 | Eva  Vahlgren | *Eva  Vahlgren* |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                   **F 9013-3.1.PROOF.SERVICE**

# "EXHIBIT  1

Fill in this information to identify your case:

| | |
|---|---|
| Debtor 1 | **JULIETA JIMENEZ** |
| | First Name        Middle Name        Last Name |
| Debtor 2 | |
| (Spouse, if filing) | First Name        Middle Name        Last Name |

United States Bankruptcy Court for the: **CENTRAL** District of **CALIFORNIA**

Case number **2:20-bk-20564-SK**
(If known)

☐ Check if this is an
amended filing

## Official Form 106D

# Schedule D: Creditors Who Have Claims Secured by Property    12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, copy the Additional Page, fill it out, number the entries, and attach it to this form. On the top of any additional pages, write your name and case number (if known).

1. **Do any creditors have claims secured by your property?**
   ☐ No. Check this box and submit this form to the court with your other schedules. You have nothing else to report on this form.
   ☒ Yes. Fill in all of the information below.

**Part 1:    List All Secured Claims**

2. **List all secured claims.** If a creditor has more than one secured claim, list the creditor separately for each claim. If more than one creditor has a particular claim, list the other creditors in Part 2. As much as possible, list the claims in alphabetical order according to the creditor's name.

| | Column A<br>Amount of claim<br>Do not deduct the<br>value of collateral. | Column B<br>Value of collateral<br>that supports this<br>claim | Column C<br>Unsecured<br>portion<br>If any |
|---|---|---|---|

**2.1** Specialized Loan Servicing, LLC   Describe the property that secures the claim:   $ 362,312.08   $ 900,000   $ 00

Creditor's Name
6200 S. Quebec St.
Number        Street

| 2034 Chariton Street |
| Los Angeles, CA 90034 |

Greenwood Village, CO 80111
City        State    ZIP Code

**As of the date you file, the claim is:** Check all that apply.
☒ Contingent
☐ Unliquidated
☐ Disputed

**Who owes the debt?** Check one.
☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☒ At least one of the debtors and another

☐ Check if this claim relates to a community debt

Date debt was incurred  2008

**Nature of lien.** Check all that apply.
☒ An agreement you made (such as mortgage or secured car loan)
☐ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
☐ Other (including a right to offset) _____

Last 4 digits of account number  6  1  7  4

---

**2.2** WILSHIRE FINANCIAL NETW   Describe the property that secures the claim:   $ 00   $ 00   $ 00

Creditor's Name
ARCPE 1, LLP aka ARCPE Hold
Number        Street

| Disputed Claim None Full Reconveyance |

468 N. CAMDEN DR. # 200

BEVERLY HILLS,  CA  90210
City        State    ZIP Code

**As of the date you file, the claim is:** Check all that apply.
☐ Contingent
☐ Unliquidated
☒ Disputed  Pending Adversary Proceeding

**Who owes the debt?** Check one.
☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

☐ Check if this claim relates to a community debt

Date debt was incurred   **Unknown**

**Nature of lien.** Check all that apply.
☐ An agreement you made (such as mortgage or secured car loan)
☐ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
☒ Other (including a right to offset)  Adversary Proceeding

Last 4 digits of account number ___ ___ ___ ___

**Add the dollar value of your entries in Column A on this page. Write that number here:**   $ 362,312.00

**"EXHIBIT  2**

LOAN #: E0654354

# NOTICE OF ASSIGNMENT, SALE, OR TRANSFER OF SERVICING RIGHTS

Borrower Name & Address:
**Javier Jimenez**
**2034 Chariton Street**
**Los Angeles, CA 90034**

You are hereby notified* that the servicing of your mortgage loan, that is, the right to collect payments from you, is being assigned, sold or transferred from   **E-LOAN, INC.**

to  **POPULAR MORTGAGE SERVICING, INC.**

effective  **MAY 1, 2008**

The assignment, sale or transfer of the servicing of the mortgage loan does not affect any term or condition of the mortgage instruments, other than terms directly related to the servicing of your loan.

Except in limited circumstances, the law requires that your present servicer send you this notice at least 15 days before the effective date of transfer, or at closing. Your new servicer must also send you this notice no later than 15 days after this effective date or at closing. [In this case, all necessary information is combined in this one notice.]

Your present servicer is  **E-LOAN, INC.**

If you have any questions relating to the transfer of servicing from your present servicer call   **their Servicing Department**
at  **800-273-3973**                     between 8:00am to 12:00am EST.
on the following days: **Monday through Friday**  , and Saturdays 9:00am to 3:00pm EST.

This is a toll-free or collect call number.

Your new servicer will be  **POPULAR MORTGAGE SERVICING, INC.**

The business address for your new servicer is: **121 WOODCREST ROAD**
**CHERRY HILL, NJ 08003**

The toll-free or collect call telephone number of your new servicer is  **800-273-3973.**               If you have any questions relating to the transfer of servicing to your new servicer call **their Servicing Department**

at  **800-273-3973**                     between 8:00am to 12:00am EST
on the following days: **Monday through Friday**  , and Saturdays 9:00am to 3:00pm EST.

The date that your present servicer will stop accepting payments from you is  **MAY 1, 2008**
The date that your new servicer will start accepting payments from you is  **MAY 1, 2008**            Send all payments due on or after that date to your new servicer.

You should also be aware of the following information, which is set out in more detail in Section 6 of the Real Estate Settlement Procedures Act (RESPA) (12 U.S.C. Section 2605):

During the 60-day period following the effective date of the transfer of the loan servicing, a loan payment received by your old servicer before its due date may not be treated by the new loan servicer as late, and a late fee may not be imposed on you.

Section 6 of RESPA (12 U.S.C. Section 2605) gives you certain consumer rights. If you

Section 2605 will give you certain consumer rights, whether or not your loan servicing is transferred. If you send a "qualified written request" to your loan servicer concerning the servicing of your loan, your servicer must provide you with a written acknowledgment within 20 Business Days of receipt of your request. A "qualified written request" is a written correspondence, other than notice on a payment coupon or other payment medium supplied by the servicer, which includes your name and account number, and your reasons for the request. If you want to send a "qualified written request" regarding the servicing of your loan, it must be sent to this address:

**121 WOODCREST ROAD**
**CHERRY HILL, NJ 08003**

Not later than 60 Business Days after receiving your request, your servicer must make any appropriate corrections to your account, and must provide you with a written clarification regarding any dispute. During this 60-Business Day period, your servicer may not provide information to a consumer reporting agency concerning any overdue payment related to such period or qualified written request. However, this does not prevent the servicer from initiating foreclosure if proper grounds exist under the mortgage documents.

© 1994-2003 Online Documents, Inc.    **Page 1 of 2**    GNSV  0303

---

**LOAN #: E0654354**

A Business Day is a day on which the offices of the business entity are open to the public for carrying on substantially all of its business functions.

Section 6 of RESPA also provides for damages and costs for individuals or classes of individuals in circumstances where servicers are shown to have violated the requirements of that Section. You should seek legal advice if you believe your rights have been violated.

\* This notification is a requirement of Section 6 of the Real Estate Settlement Procedures Act (RESPA) (12 U.S.C. Section 2605).

_____    _____
Javier Jimenez                         Date


_____    _____
Julieta Jimenez                        Date

"**EXHIBIT  3**

Order Number: 6001-342984 (03)
Page Number.

*11*

## LEGAL DESCRIPTION

Real property in the City of Los Angeles, County of Los Angeles, State of California, described as follows:

LOT 401 OF TRACT 1250 IN THE CITY OF LOS ANGELES, STATE OF CALIFORNIA, AS SHOWN ON MAP FILED IN BOOK 18, PAGES 46 AND 47 OF MAPS IN THE COUNTY RECORDER OF SAID COUNTY.

APN: 4302-034-015

# Exhibit A

*United General Title Insurance Company*

Fill in this information to identify the case:

Debtor 1     Julieta Jimenez

Debtor 2
(Spouse, if filing)

United States Bankruptcy Court for the:    Central District of California

Case number    2:20-bk-20564-SK



**FILED**

DEC 0 1 2020

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY: _____ Deputy Clerk

# Official Form 410

# Proof of Claim                                                                  04/19

**Read the instructions before filling out this form.** This form is for making a claim for payment in a bankruptcy case. **Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed.** That date is on the notice of bankruptcy (Form 309) that you received.

| Part 1: | Identify the Claim |
| --- | --- |

**1. Who is the current creditor?**

ARCPE 1, LLP c/o Wilshire Financial Network
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor _____

**2. Has this claim been acquired from someone else?**

☑ No
☐ Yes.  From whom? _____

**3. Where should notices and payments to the creditor be sent?**

*Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)*

Where should notices to the creditor be sent?

ARCPE 1, LLP c/o Wilshire Financial Network
Name

468 N. Camden Drive, Suite 200
Number     Street

Beverly Hills          CA          90210
City                State          ZIP Code

Contact phone  (310) 490-1369

Contact email  amzubia@gmail.com

Where should payments to the creditor be sent? (if different)

ARCPE 1, LLP c/o Wilshire Financial Network
Name

468 N. Camden Drive, Suite 200
Number     Street

Beverly Hills          CA          90210
City                State          ZIP Code

Contact phone  (310) 490-1369

Contact email  amzubia@gmail.com

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

_ _ _ _ — _ _ _ _ — _ _ _ _ — _ _ _ _

**4. Does this claim amend one already filed?**

☑ No
☐ Yes.  Claim number on court claims registry (if known) _____

Filed on _____
MM  / DD  / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☑ No
☐ Yes.  Who made the earlier filing? _____

**Part 2:** **Give Information About the Claim as of the Date the Case Was Filed**

6. **Do you have any number you use to identify the debtor?**
   ☐ No
   ☑ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor:  0  0  6  9

7. **How much is the claim?**     $_____311,922.00  **Does this amount include interest or other charges?**
   ☑ No
   ☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

8. **What is the basis of the claim?**     Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

   Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

   Limit disclosing information that is entitled to privacy, such as health care information.

   Recorded 2nd Deed of Trust, Matured on 04/01/2018

9. **Is all or part of the claim secured?**
   ☐ No
   ☑ Yes.  The claim is secured by a lien on property.

   **Nature of property:**
   ☑ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*
   ☐ Motor vehicle
   ☐ Other. Describe: _____

   **Basis for perfection:**     Note & Deed of Trust - Secured Claim
   Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

   **Value of property:**                        $_____1,216,000.00
   **Amount of the claim that is secured:**       $_____311,922.00
   **Amount of the claim that is unsecured:**  $_____0.00 (The sum of the secured and unsecured amounts should match the amount in line 7.)

   **Amount necessary to cure any default as of the date of the petition:**     $_____311,922.00

   **Annual Interest Rate** (when case was filed)__7.75 %
   ☑ Fixed
   ☐ Variable

10. **Is this claim based on a lease?**
    ☑ No
    ☐ Yes. **Amount necessary to cure any default as of the date of the petition.**     $_____

11. **Is this claim subject to a right of setoff?**
    ☑ No
    ☐ Yes. Identify the property: _____

Official Form 410                        **Proof of Claim**

12. **Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

☑ No

☐ Yes. *Check all that apply:*

Amount entitled to priority

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

$_____

☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).

$_____

☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).

$_____

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).

$_____

☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).

$_____

☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies.

$_____

\* Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment.

---

### Part 3: Sign Below

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Check the appropriate box:

☐ I am the creditor.

☑ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date   12/01/2020
              MM / DD / YYYY

_____
Signature

Print the name of the person who is completing and signing this claim:

Name      Adrian Zubia
          First name        Middle name        Last name

Title     Authorized Agent

Company   Wilshire Financial Network
          Identify the corporate servicer as the company if the authorized agent is a servicer.

Address   468 N. Camden Drive, Suite 200
          Number        Street

          Beverly Hills                    CA        90210
          City                             State     ZIP Code

Contact phone   (310) 490-1369        Email   amzubia@gmail.com





03/21/08

**20080488975**

United General Title Insurance Company
3 42984
**After Recording Return To:**
**SNI - ELOAN**
**9700 BISSONNET SUITE 1500**
**MAILSTOP - TD 127**
**HOUSTON, TX 77036**
**800-795-5263**

APA: 4302 -084 -015

This document was prepared by.
**NAOMI FALKNER**
**E-LOAN, INC.**
**6230 STONERIDGE MALL ROAD**
**PLEASANTON, CA 94588**

**Title Order No.: 6001-342984**
**Escrow No.: 6001-342984**

## OPEN END DEED OF TRUST
### (Securing Future Advances)

**LOAN #: E0654354**

**MIN: 100039650006543545**

THIS DEED OF TRUST is made on **FEBRUARY 26, 2008.** The trustor is **JAVIER JIMENEZ AND JULIETA JIMENEZ, HUSBAND AND WIFE, AS JOINT TENANTS,**

The trustee is **UNITED GENERAL TITLE INSURANCE COMPANY**

("Trustee"). MERS is the beneficiary under this Deed of Trust. "MERS" is Mortgage Electronic Registration Systems, Inc. MERS is a separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns. MERS is organized and existing under the laws of Delaware, and has an address and telephone number of PO Box 2026, Flint, Michigan 48501-2026, tel. (888) 679-MERS. In this Deed of Trust, the terms "you," "your" and "yours" refer to the trustor(s). The terms "we," "us" and "our" refer to **E-LOAN, INC., A DELAWARE CORPORATION**

THIS DEED OF TRUST IS SECOND AND
SUBJECT TO A FIRST DEED OF TRUST
RECORDING CONCURRENTLY

("Lender"),

CA - DEED OF TRUST - Single Family - HELOC - HC# 19376 (11/14/99)
© 2004, 2007 Online Documents, Inc          **Page   1   of 7**

Initials: J.J J.J
CAZDEDL  0710
02-26-2008 10:21

LOAN #: E0654354

whose address is  6230 STONERIDGE MALL ROAD, PLEASANTON, CA 94588.

Pursuant to a Home Equity Line of Credit Agreement dated the same date as this Deed of Trust ("Agreement"), you may incur maximum unpaid loan indebtedness (exclusive of interest thereon) in amounts fluctuating from time to time up to the maximum principal sum outstanding at any time of  ***ONE HUNDRED SIXTY THOUSAND AND NO/100 ************************************************** Dollars (U.S.    $160,000.00 ). All amounts due under the Agreement must be paid in full not later than APRIL 1, 2018.

You agree that this Deed of Trust shall continue to secure all sums now or hereafter advanced under the terms of the Agreement including, without limitation, such sums that are advanced by us whether or not at the time the sums are advanced there is any principal sum outstanding under the Agreement. The parties hereto intend that this Deed of Trust shall secure unpaid balances, and all other amounts due to us hereunder and under the Agreement

The beneficiary of this Deed of Trust is MERS (solely as a nominee for Lender and Lender's successors and assigns) and the successors and assigns of MERS. This Deed of Trust secures to us: (a) the repayment of the debt evidenced by the Agreement, with interest, and all refinancings, renewals, extensions and modifications of the Agreement; (b) the payment of all other sums, with interest, advanced under this Deed of Trust to protect the security of this Deed of Trust; and (c) the performance of your covenants and agreements under this Deed of Trust and the Agreement. For this purpose, and in consideration of the debt, you irrevocably grant and convey to the Trustee and Trustee's successors and assigns, in trust, with power of sale, the following described property located in   Los Angeles                                 County, California:
See Exhibit "A"/legal description attached hereto and made a part hereof.
APN #: 4302-034-015

which has the address of 2034 Chariton Street, Los Angeles,

California    90034         ("Property Address");

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, rights, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Deed of Trust. All of the foregoing is referred to in this Deed of Trust as the "Property." You understand and agree that MERS holds only legal title to the interests granted by you in this Deed of Trust, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing and canceling this Deed of Trust.

YOU COVENANT that you are lawfully seised of the estate hereby conveyed and have the right to grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. You warrant and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

CA - DEED OF TRUST - Single Family - HELOC - HC# 19376 (11/14/99)
© 2004, 2007 Online Documents, Inc        Page 2  of 7

Initials: J.J.J.J
CAZDEDL 0710
02-26-2008 10:21

LOAN #: E0654354

**YOU AND WE** covenant and agree as follows:

**1. Payment of Principal, Interest and Other Charges.** You shall pay when due the principal and interest owing under the Agreement and all other charges due hereunder and due under the Agreement.

**2. Application of Payments.** Unless applicable law provides otherwise, all payments received by us under the Agreement and Section 1 shall be applied by us as provided in the Agreement.

**3. Prior Deed of Trusts; Charges; Liens.** You have disclosed to us and obtained our approval of any mortgage, deed of trust or other security agreement with a lien which has priority over this Deed of Trust. You shall perform all of your obligations under any mortgage, deed of trust or other security instruments with a lien which has priority over this Deed of Trust, including your covenants to make payments when due. You shall pay all taxes, assessments, charges, fines and impositions attributable to the Property which may attain priority over this Deed of Trust or any advance under this Deed of Trust, and leasehold payments or ground rents, if any. Upon our request, you shall promptly furnish to us all notices of amounts to be paid under this paragraph and receipts evidencing any such payments you make directly. You shall promptly discharge any lien (other than a lien disclosed to us in your application or in any title report we obtained) which has priority over this Deed of Trust or any advance under this Deed of Trust.

If applicable law authorizes us to do so, we specifically reserve to ourself and our successors and assigns the unilateral right, upon an event of default in payment of taxes, assessments or insurance on the Property, to require, upon notice, that you pay to us on the day monthly payments are due an amount equal to one-twelfth (1/12) of the yearly taxes, and assessments (including condominium and planned unit development assessments, if any) which may attain priority over this Deed of Trust and ground rents on the Property, if any, plus one-twelfth (1/12) of yearly premium installments for hazard and mortgage insurance, all as we reasonably estimate initially and from time to time, as allowed by and in accordance with applicable law.

**4. Hazard Insurance.** You shall keep the Property insured against loss by fire, hazards included within the term "extended coverage" and any other hazards, including floods or flooding and earthquakes, for which we require insurance. This insurance shall be maintained in the amounts and for the periods that we require. You may choose any insurer reasonably acceptable to us. Insurance policies and renewals shall be acceptable to us and shall include a standard mortgagee clause. If we require, you shall promptly give us all receipts of paid premiums and renewal notices. If you fail to maintain coverage as required in this section, you authorize us to obtain such coverage as we in our sole discretion determine appropriate to protect our interest in the Property in accordance with the provisions in Section 6. You understand and agree that any coverage we purchase may cover only our interest in the Property and may not cover your interest in the Property or any personal property therein. You also understand and agree that the premium for any such insurance may be higher than the premium you would pay for such insurance. You shall promptly notify the insurer and us of any loss. We may make proof of loss if you do not promptly do so.

We may also, at our option and on your behalf, adjust and compromise any claims under the insurance, give releases or acquittances to the insurance company in connection with the settlement of any claim and collect and receive insurance proceeds. You appoint us as your attorney-in-fact to do all of the foregoing, which appointment you understand and agree is irrevocable, coupled with an interest with full power of substitution and shall not be affected by your subsequent disability or incompetence.

Insurance proceeds shall be applied to restore or repair the Property damaged, if restoration or repair is economically feasible and our security would not be lessened. Otherwise, insurance proceeds shall be applied to sums secured by this Deed of Trust, whether or not then due, with any excess paid to you. If you abandon the Property, or do not answer within 30 days after we give notice to you that the insurer has offered to settle a claim, then we may collect and use the proceeds to repair or restore the Property or to pay sums secured by this Deed of Trust, whether or not then due. Any application of proceeds to principal shall not require us to extend or postpone the due date of monthly payments or change the amount of monthly payments. If we acquire the Property at a forced sale following your default, your right to any insurance proceeds resulting from damage to the Property prior to the acquisition shall pass to us to the extent of the sums secured by this Deed of Trust immediately prior to the acquisition.

You shall not permit any condition to exist on the Property which would, in any way, invalidate the insurance coverage on the Property.

CA - DEED OF TRUST - Single Family - HELOC - HC# 19376 (11/14/99)
© 2004, 2007 Online Documents, Inc                    **Page 3 of 7**

Initials: J.J.J

CAZDEDL  0710
02-26-2008 10:21

LOAN #: E0654354

**5. Preservation, Maintenance and Protection of the Property; Your Loan Application; Leaseholds.** You shall not destroy, damage or substantially change the Property, allow the Property to deteriorate, or commit waste. You shall be in default if any forfeiture action or proceeding, whether civil or criminal, is begun that in our good faith judgment could result in forfeiture of the Property or otherwise materially impair the lien created by this Deed of Trust or our security interest. You may cure such a default, as provided in Section 17, by causing the action or proceeding to be dismissed with a ruling that, in our good faith determination, precludes forfeiture of your interest in the Property or other material impairment of the lien created by this Deed of Trust or our security interest. You shall also be in default if you, during the loan application process, gave materially false or inaccurate information or statements to us (or failed to provide us with any material information) in connection with the loan evidenced by the Agreement, including, but not limited to, representations concerning your occupancy of the Property as a principal residence. If this Deed of Trust is on a leasehold, you shall comply with the lease. You shall not surrender the leasehold estate and interests herein conveyed or terminate or cancel the ground lease. You shall not, without the express written consent of Lender, alter or amend the ground lease. If you acquire fee title to the Property, the leasehold and fee title shall not merge unless we agree to the merger in writing.

**6. Protection of Our Rights in the Property; Mortgage Insurance.** If you fail to perform the covenants and agreements contained in this Deed of Trust, or there is a legal proceeding that may significantly affect our rights in the Property (such as a proceeding in bankruptcy, probate, for condemnation or forfeiture or to enforce laws or regulations), then we may do, and pay for, anything necessary to protect the Property's value and our rights in the Property. Our actions may include paying any sums secured by a lien which has priority over this Deed of Trust or over any advance under the Agreement or this Deed of Trust, appearing in court, paying reasonable attorney's fees, paying any sums which you are required to pay under this Deed of Trust and entering on the Property to make repairs. We do not have to take any action we are permitted to take under this Section; and amounts we pay under this Section shall become additional debts you owe us and shall be secured by this Deed of Trust. These amounts shall bear interest from the disbursement date at the rate established under the Agreement and shall be payable, with interest, upon our request. If we required mortgage insurance as a condition of making the loan secured by this Deed of Trust, you shall pay the premiums for such insurance until such time as the requirement for the insurance terminates.

**7. Inspection.** We may enter and inspect the Property at any reasonable time and upon reasonable notice.

**8. Condemnation.** The proceeds of any award for damages, direct or consequential, in connection with any condemnation or other taking of any part of the Property, or for conveyance in lieu of condemnation, are hereby assigned and shall be paid to us. If the Property is abandoned, or if, after notice by us to you that the condemnor offers to make an award or settle a claim for damages, you fail to respond to us within 30 days after the date the notice is given, we are authorized to collect and apply the proceeds, at our option, either to restoration or repair of the Property or to the sums secured by this Deed of Trust, whether or not then due. Unless we and you otherwise agree in writing, any application of proceeds to principal shall not extend or postpone the due date of the monthly payments payable under the Agreement and Section 1 or change the amount of such payments.

**9. No Release Upon Extension or Modification.** Our granting of any extension of time for payment or our agreement to modify the terms of repayment of the obligations under the Agreement or the requirements in this Deed of Trust shall not operate to release you from your obligations or liability under the Agreement or this Deed of Trust.

**10. Successors and Assigns Bound; Joint and Several Liability; Co-signers.** The covenants and agreements of this Deed of Trust shall bind and benefit your successors and permitted assigns. Your covenants and agreements shall be joint and several. Anyone who co-signs this Deed of Trust but does not execute the Agreement: (a) is co-signing this Deed of Trust only to mortgage, grant and convey such person's interest in the Property; (b) is not personally obligated to pay the Agreement, but is obligated to pay all other sums secured by this Deed of Trust; and (c) agrees that we and anyone else who signs this Deed of Trust may agree to extend, modify, forbear or make any accommodations regarding the terms of this Deed of Trust or the Agreement without such person's consent.

**11. Loan Charges.** If the loan secured by this Deed of Trust is subject to a law which sets maximum loan charges, and that law is finally interpreted so that the interest or other loan charges collected or to be collected in connection with the loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce

Initials: [signature]
CAZDEDL  0710
02-26-2008 10:21

LOAN #: E0654354



the charge to the permitted limit; and (b) any sums already collected from you which exceed permitted limits will be refunded to you. We may choose to make this refund by reducing the principal owed under the Agreement or by making a direct payment to you. If a refund reduces principal, the reduction will be treated as a partial prepayment without any prepayment charge under the Agreement.

**12. Notices.** Unless otherwise required by law, any notice to you provided for in this Deed of Trust shall be delivered or mailed by first class mail to the Property Address or any other address you designate by notice to us, and any notice to us shall be delivered or mailed by first class mail to our address stated above or any other address we designate by notice to you.

**13. Governing Law; Severability.** The interpretation and enforcement of this Deed of Trust shall be governed by the law of the jurisdiction in which the Property is located, except as preempted by federal law. In the event that any provision or clause of this Deed of Trust or the Agreement conflicts with applicable law, such conflict shall not affect other provisions of this Deed of Trust or the Agreement which can be given effect without the conflicting provision. To this end the provisions of this Deed of Trust and the Agreement are declared to be severable.

**14. Transfer of the Property.** If all or any part of the Property or any interest in it is sold or transferred without our prior written consent, we may, at our option, require immediate payment in full of all sums secured by this Deed of Trust. However, this option shall not be exercised by us if exercise is prohibited by federal law as of the date of this Deed of Trust.

**15. Sale of Agreement; Change of Loan Servicer.** The Agreement or a partial interest in the Agreement (together with this Deed of Trust) may be sold one or more times without prior notice to you. A sale may result in a change in the entity (known as the "Loan Servicer") that collects monthly payments due under the Agreement and this Deed of Trust. There also may be one or more changes of the Loan Servicer unrelated to the sale of the Agreement. If there is a change of the Loan Servicer, you will be given written notice of the change as required by applicable law. The notice will state the name and address of the new Loan Servicer and the address to which payments should be made. The notice will also contain any information required by applicable law.

**16. Hazardous Substances.** You shall not cause or permit the presence, use, disposal, storage, or release of any Hazardous Substances on or in the Property. You shall not do, nor allow anyone else to do, anything affecting the Property that is in violation of any Environmental Law. The preceding two sentences shall not apply to the presence, use, or storage on the Property of Hazardous Substances in quantities that are generally recognized to be appropriate to normal residential uses and to maintenance of the Property. You shall promptly give us written notice of any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the Property and any Hazardous Substance or Environmental Law of which you have actual knowledge. If you learn or are notified by any government or regulatory authority, that any removal or other remediation of any Hazardous Substance affecting the Property is necessary, you shall promptly take all necessary remedial actions in accordance with Environmental Law. As used in this Deed of Trust, "Hazardous Substances" are those substances defined as toxic or hazardous substances by Environmental Law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials. As used in this Deed of Trust, "Environmental Law" means federal laws and laws of the jurisdiction where the Property is located that relate to health, safety or environmental protection.

**17. Acceleration; Remedies. You will be in default if (1) any payment required by the Agreement or this Deed of Trust is not made when it is due; (2) we discover that you have committed fraud or made a material misrepresentation in connection with the Agreement; or (3) your action, or your failure to act, adversely affects our security for the Agreement or any right we have in the Property. If a default occurs, we will give you notice specifying: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to you, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Deed of Trust and sale of the Property. The notice shall further inform you of the right to reinstate after acceleration and the right to bring a court action to assert the nonexistence of a default or any other defense you may have to**

CA - DEED OF TRUST - Single Family - HELOC - HC# 19376 (11/14/99)
© 2004, 2007 Online Documents, Inc     **Page 5 of 7**     CAZDEDL 0710
02-26-2008 10:21

Initials: J. J. J.

Case 2:20-bk-20566-SK Claim 1-1 Filed 12/01/20 Desc Main Document Page 2 of
Case 2:21-ap-01010-SK Doc 11 Filed 07/19/21 Entered 07/19/21 15:35:13 Page 2 of
Main Document 25 Page 22 of 77

LOAN #: E0654354

acceleration and sale. If the default is not cured on or before the date specified in the notice, we, at our option, may require immediate payment in full of all sums secured by this Deed of Trust without further demand and may invoke the power of sale and other remedies permitted by applicable law. We shall be entitled to collect all expenses incurred in pursuing remedies provided in this Section 17, including, but not limited to, reasonable attorneys' fees as permitted by applicable law.

If we invoke the power of sale, we shall execute or cause Trustee to execute a written notice of the occurrence of an event of default and of our election to cause the Property to be sold. Trustee shall cause this notice to be recorded in each county in which any part of the Property is located. We or the Trustee shall mail copies of the notice as prescribed by applicable law to you and to the other persons prescribed by applicable law. Trustee shall give public notice of sale to the persons and in the manner prescribed by applicable law. After the time required by applicable law, Trustee, without demand on you, shall sell the Property at public auction to the highest bidder at the time and place and under the terms designated in the notice of sale in one or more parcels and in any order Trustee determines. Trustee may postpone sale of all or any parcel of the Property by public announcement at the time and place of any previously scheduled sale. We or our designee may purchase the Property at any sale.

Trustee shall deliver to the purchaser Trustee's deed conveying the Property without any covenant or warranty, expressed or implied. The recitals in the Trustee's deed shall be conclusive evidence of the truth of the statements made therein, unless otherwise provided by applicable law. Trustee shall apply the proceeds of the sale in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable Trustee's and attorneys' fees, as set forth above; (b) to all sums secured by this Deed of Trust; and (c) any excess to the person or persons legally entitled to it.

**18. Discontinuance of Enforcement.** Notwithstanding our acceleration of the sums secured by this Deed of Trust under the provisions of Section 17, we may, in our sole discretion and upon such conditions as we in our sole discretion determine, discontinue any proceedings begun to enforce the terms of this Deed of Trust.

**19. Release.** Upon payment of all sums secured by this Deed of Trust, we or the Trustee shall release this Deed of Trust. You shall pay any recordation or filing costs and any fees paid to a third party for services rendered in reconveying or releasing this Deed of Trust, to the extent allowed by law.

**20. Substitute Trustee.** We may, at our option, from time to time appoint a successor trustee to any Trustee appointed hereunder by an instrument executed and acknowledged by us and recorded in the office of the Recorder of the county in which the Property is located. The instrument shall contain the name of the original lender, Trustee and borrower, the book and page where this Deed of Trust is recorded and the name and address of the successor trustee. Without conveyance of the Property, the successor trustee shall succeed to all the title, powers and duties conferred upon the Trustee herein and by applicable law. This procedure for substitution of trustee shall govern to the exclusion of all other provisions for substitution.

**21. Request for Notices.** You request that copies of the notices of default and sale be sent to your address which is the Property Address.

**22. Statement of Obligation Fee.** We may collect a fee not to exceed the maximum amount permitted by law for furnishing the statement of obligation as provided in Section 2943 of the Civil Code of California.

**23. Waiver.** No waiver by us at any time of any term, provision or covenant contained in this Deed of Trust or in the Agreement secured hereby shall be deemed to be or construed as a waiver of any other term, provision or covenant or of the same term, provision or covenant at any other time.

**24. Additional Charges.** You agree to pay reasonable charges as allowed by law in connection with the servicing of this loan including, without limitation, the costs of obtaining tax searches and subordinations, provided, however, that nothing contained in this section is intended to create and shall not be construed to create any duty or obligation by us to perform any such act, or to execute or consent to any such transaction or matter, except a release of the Deed of Trust upon full repayment of all sums secured thereby.



CA - DEED OF TRUST - Single Family - HELOC - HC# 19376 (11/14/99)
© 2004, 2007 Online Documents, Inc         **Page 6   of   7**

Initials [signature]
CAZDEDL  0710
02-26-2008 10:21

LOAN #: E0654354

**25. Riders to this Deed of Trust.** If one or more riders are executed by you and recorded together with this Deed of Trust, the covenants and agreements of each such rider shall be incorporated into and shall amend and supplement the covenants and agreements of this Deed of Trust as if the rider(s) were a part of this Deed of Trust  [Check applicable box(es)]
☐ Condominium Rider     ☐ 1-4 Family Rider     ☐ Planned Unit Development Rider
☒ Other(s) [specify]  **EQUITY LINE RIDER**

BY SIGNING BELOW, You accept and agree to the terms and covenants contained in this Deed of Trust and in any rider(s) executed by you and recorded with it.
Signed, sealed and delivered in the presence of:

_____ (Seal)
**Javier Jimenez**

_____ (Seal)
**Julieta Jimenez**

State of: California
County of: Los Angeles

On March 10, 2008 , before me, Jorge Galan, Notary Public
(here insert name and title of the officer) personally appeared Javier Jimenez AND
Julieta Jimenez, who proved to me on the basis of satisfactory evidence to be  the
person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to
me that he/she/they executed the same in his/her/their authorized capacity(ies), and
that by his/her/their signature(s) on the instrument the person(s), or the entity upon
behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the
foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____

JORGE GALAN
Comm # 1705902
NOTARY PUBLIC-CALIFORNIA
LOS ANGELES COUNTY
My Comm Exp Dec 20, 2011

(SEAL)

*9*

**LOAN #: E0654354**

# Equity Line Rider

**MIN: 100039650006543545**

(Open end credit with ☐ fixed rate ☒ variable rate interest)

This Equity Line Rider is dated **FEBRUARY 26, 2008** and is an amendment to the Mortgage or Deed of Trust ("Mortgage") of the same date and given by the undersigned, **JAVIER JIMENEZ AND JULIETA JIMENEZ, HUSBAND AND WIFE, AS JOINT TENANTS**

("Borrower") to secure Borrower's Home Equity Line Agreement with **E-LOAN, INC., A DELAWARE CORPORATION**

("Lender") of the same day covering the property described in the Mortgage and located at: **2034 Chariton Street, Los Angeles, CA 90034.**

In addition to the covenants and agreements made in the Mortgage, Borrower and Lender further covenant and agree as follows:

1. The word "Note", as used in the Mortgage and this Rider, refers to the Home Equity Line of Credit Agreement.

2. The Note evidences an open end revolving line of credit agreement between Borrower and Lender under which future advances will be made. The amount stated in the Mortgage as the principal sum of the indebtedness is the current credit limit for the line of credit. All future advances from Lender to the Borrower under such evidence of debt, whether obligatory or discretionary shall be secured by the Mortgage. All obligatory future advances and advances to cure breaches of covenants contained in the Mortgage are secured as if made on the date of this Mortgage. Nothing in this Mortgage shall constitute a commitment to make additional or future loans or advances which exceed **$160,000.00** (which replicates the current provision in the parties written agreement providing for obligatory future advances.) All sums advanced and expenses incurred by Lender are for insuring, preserving, or otherwise protecting the Property and its value and any other sums advanced and expenses incurred by Lender under the terms of this Security Instrument.

3. The Note provides for:

A variable rate of interest expressed as a daily periodic rate equal to 1/365 of an annual rate of **1.750%** plus the "Index Rate". The daily periodic

Online Documents, Inc.      **Page 1 of 2**      **Initials:** *JJ.J.J*

**L1286RDU**    L1286RLU 0509

**02-26-2008 10:21**

*10*

LOAN #: E0654354

rate may increase if the highest prime rate published in the Wall Street Journal "Money Rates" table (the "Index Rate") increases. The initial daily periodic rate is **0.0212%**. The annual percentage rate will never be more than **18.000%**. The daily periodic rate will be adjusted on the first business day of every month, using the index rate in effect that day. Any increase in the daily periodic rate may increase the monthly payment due.

**NOTICE: THIS MORTGAGE SECURES CREDIT IN THE AMOUNT OF $160,000.00 LOANS AND ADVANCES UP TO THIS AMOUNT, TOGETHER WITH INTEREST, ARE SENIOR TO INDEBTEDNESS TO OTHER CREDITORS UNDER SUBSEQUENTLY RECORDED OR FILED MORTGAGES AND LIENS.**

_____ (Seal)
Javier Jimenez

_____ (Seal)
Julieta Jimenez

0
8
0488975

Order Number: 6001-342984 (03)
Page Number.

*11*

### LEGAL DESCRIPTION

Real property in the City of Los Angeles, County of Los Angeles, State of California, described as follows:

LOT 401 OF TRACT 1250 IN THE CITY OF LOS ANGELES, STATE OF CALIFORNIA, AS SHOWN ON MAP FILED IN BOOK 18, PAGES 46 AND 47 OF MAPS IN THE COUNTY RECORDER OF SAID COUNTY.

APN: 4302-034-015

# Exhibit A

*United General Title Insurance Company*



## This page is part of your document - DO NOT DISCARD



## 20180856082



**Pages:**
**0002**

**Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California**

**08/23/18 AT 04:27PM**

| | |
|---|---|
| FEES: | 20.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| SB2: | 75.00 |
| PAID: | 95.00 |



**L E A D S H E E T**



201808233340101

00015625338



009290689

**SEQ:**
**01**

**SECURE - Daily**



**THIS FORM IS NOT TO BE DUPLICATED**

90130 - Javier Jimenez

E548178

Recording Requested By:
POPULAR MORTGAGE SERVICING, INC.

When Recorded Return To:

POPULAR MORTGAGE SERVICING, INC
121 WOODCREST ROAD
CHERRY HILL, NJ 08003

## CORPORATE ASSIGNMENT OF DEED OF TRUST

**\*191470\***

Los Angeles, California
SELLER'S SERVICING #:191470  "JIMINEZ"

MERS #: 100039650006543545 VRU #: 1-888-679-6377

Prepared By:  Sheryl Klish, POPULAR MORTGAGE SERVICING, INC 121 WOODCREST ROAD, CHERRY HILL, NJ 08004
800-556-1423

For Value Received, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. hereby grants, assigns and
tranfers to BLB Trading, LLC _____ at ✱ all beneficial interest under that certain Deed of Trust
dated 03/10/2008 , in the amount of $160,000.00, executed by JAVIER JIMENEZ AND JULIETA JIMENEZ to
ELOAN, INC. and Recorded: 03/21/2008 as Instrument No.: 20080488975 in Los Angeles, California

Together with the note or notes therein described or referred to, in said Deed of Trust, the money due and to
become due thereon with interest, and all rights accrued or to accrue under said Deed of Trust.

In witness whereof this instrument is executed.

✱ 2100 Ponce De Leon Blvd
Suite 720, Coral Gables, FL
33134

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.
On 8/3/09

JOHN N. COOKE, Senior Vice-President

STATE OF Camden
COUNTY OF Camden

On 8/3/09 before me, Beth A Fidanza , a Notary Public in and for
Camden in the State of NJ , personally appeared
JOHN N. COOKE, Senior Vice-President, personally known to me (or proved to me on the basis of satisfactory
evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me
that he/she/they executed the same in his/her/their authorized capacity, and that by his/her/their signature on the
instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal,

Notary Public of New Jersey
Beth A. Fidanza
My Commission Expires Feb. 18, 2014

Notary Expires:  /  /

(This area for notarial seal)

*SK*SK1EQ [Y*05/27/2009 04:25:07 PM* EQTY01EQTYA0C00000000000122753* CALOS A* 191470 CASTATE_TRUST_ASSIGN_ASSN **SK* ECTY*



**This page is part of your document - DO NOT DISCARD**



# 20180942845



**Pages:**
**0002**

**Recorded/Filed in Official Records**
**Recorder's Office, Los Angeles County,**
**California**

**09/13/18 AT 02:26PM**

| | |
|---|---:|
| FEES: | 23.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| SB2: | 75.00 |
| PAID: | 98.00 |



**L E A D S H E E T**



201809130210033

00015702901



009331832

**SEQ:**
**01**

**SECURE - Daily**



**THIS FORM IS NOT TO BE DUPLICATED**

90130 - Javier Jimenez

When Recorded mail to:
Palm Avenue Hialeah, LLC
1900 Sunset Harbor Dr. The Annex-2nd Floor
Miami Beach, FL 33139
Loan #: 3700887309
Created by Barbara Murdock

## CORPORATE ASSIGNMENT OF MORTGAGE

Los Angeles County, California

| | |
|---|---|
| Date of Assignment: | 8/24/16 |
| Assignor: | BLB Trading, LLC |
| | 2100 Ponce De Leon Blvd Suite 720 Coral Gables, FL 33134 |
| Assignee: | Palm Avenue Hialeah, LLC |
| | 1900 Sunset Harbor Dr., the Annex-2nd Floor, Miami Beach, FL 33139 |
| Executed By: | Javier Jimenez and Julieta Jimenez, husband and wife, as joint tenants |
| Date of Mortgage: | 02/26/2008 |
| Recorded: | 03/21/2008, in Official Records, Instrument # 20080488975, of the Public Records of Los Angeles County, California |
| Property Address: | 2034 Chariton Street Los Angeles CA 90034 |

KNOW ALL MEN BY THESE PRESENTS that in consideration of the sum of TEN and NO/100ths Dollars and other good and valuable consideration, paid to the above named Assignor, the receipt and sufficiency of which is hereby acknowledged, said Assignor hereby assigns unto the above-named Assignee, the said Mortgage together with the Note or other evidence of indebtedness (the "Note"), said Note having an original principal sum of **$160,000.00** with interest, secured thereby, together with all moneys now owing or that may hereafter become due or owing in respect thereof, and the full benefit of all the powers and of all the covenants and provisions therein contained, and the said Assignee, the Assignor's interest under the Mortgage

TO HAVE AND TO HOLD the said Mortgage and Note, and also the said property unto the said Assignee forever, subject to the terms contained in said presents the day and year first above written.

On 8/24/16

Witness:
By:
Print Name: Hanna Mann

Witness:
By:
Print Name: Quinn Cala

BLB Trading, LLC

James Fratangelo, Manager

STATE OF FLORIDA
COUNTY OF MIAMI DADE

On 8/24/16 before me, Hernandez minelys, a Notary Public in and for the County of Miami Dade, State of Florida, personally appeared James Fratangelo, as Manager of BLB Trading, LLC personally known to me (or proved to me on the basis of satisfactory evidence) to be the person whose name is subscribed to the within



**This page is part of your document - DO NOT DISCARD**



# 20180962437



**Pages:
0003**

**Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California**

**09/19/18 AT 03:20PM**

| | |
|---|---|
| FEES: | 29.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| SB2: | 75.00 |
| PAID: | 104.00 |



**L E A D S H E E T**



**201809190230041**

**00015744602**



**009351719**

**SEQ:
01**

**SECURE - Daily**



**THIS FORM IS NOT TO BE DUPLICATED**

90130 - Jimenez - PAH

FOR REFERENCE ONLY 20180962437

When Recorded mail to:
ARCPE Holding, LLC
1900 Sunset Harbour Dr.
The Annex-2nd Floor
Miami Beach, FL 33139
Loan Nº/Borrower: 91030/Jimenez

## ASSIGNMENT OF MORTGAGE / DEED OF TRUST

Los Angeles County, California

Date of Assignment:   09/17/2018

| | |
|---|---|
| Assignor: | Palm Avenue Hialeah, LLC |
| | 1900 Sunset Harbour Dr. The Annex-2nd Floor Miami Beach, FL 33139 |
| Assignee: | ARCPE Holding, LLC |
| | 1900 Sunset Harbour Dr. The Annex-2nd Floor Miami Beach, FL 33139 |
| Executed By: | Javier Jimenez and Julieta Jimenez |
| To: | Mortgage Electronic Registration Systems, Inc. (MERS) as nominee for E-Loan, Inc., a Delaware Corporation |
| Date of Mortgage: | 02/26/2008 |
| Recorded: | 03/21/2008 in Official Records as Instrument #20080488975, in the County of Los Angeles, State of California. |
| | - Assignment of Mortgage from Mortgage Electronic Registration Systems, Inc. (MERS) as nominee for E-Loan, Inc., a Delaware Corporation (assignor) to BLB Trading, LLC, (assignee) dated August 31, 2009 and recorded on August 23, 2018 as Instrument #20180856082 of the official property records of Los Angeles County, California. |
| | - Assignment of Mortgage from BLB Trading, LLC (assignor) to Palm Avenue Hialeah, LLC (assignee) dated August 24, 2016 and recorded on September 13, 2018 as Instrument #20180942845 of the official property records of Los Angeles County, California. |
| Legal Description | LOT 401 OF TRACT 1250 IN THE CITY OF LOS ANGELES, STATE OF CALIFORNIA, AS SHOWN ON MAP FILED IN BOOK 18, PAGES 46 AND 47 OF MAPS IN THE COUNTY RECORDER OF SAID COUNTY. |
| APN: | 4302-034-015 |
| Property Address: | 2034 Charlton Street, Los Angeles, CA 90034 |

KNOW ALL MEN BY THESE PRESENTS that in consideration of the sum of TEN and NO/100ths Dollars and other good and valuable consideration, paid to the above named Assignor, the receipt and sufficiency of which is hereby acknowledged, said Assignor hereby assigns unto the above-named Assignee, the said Mortgage/Deed of Trust together with the Note or other evidence of indebtedness (the "Note"), said Note having an original principal sum of **$160,000.00** with interest, secured thereby, together with all moneys now owing or that may hereafter become due or owing in respect thereof, and the full benefit of all the powers and of all corporate assignment of Mortgage/Deed of Trust.

TO HAVE AND TO HOLD the said Mortgage/Deed of Trust and Note, and also the said property unto the said Assignee forever, subject to the terms contained in said presents the day and year first above written.

On  09/17/2018

**Palm Avenue Hialeah, LLC**

Witness:
By: _____
Print Name: George Henderson

Witness:
By: _____
Print Name: Paul Ramos

David Gordon, Manager

STATE OF FLORIDA
COUNTY OF MIAMI-DADE

On 09/17/2018, before me, Jorge Maldonado a Notary Public in and for the County of Miami-Dade, State of Florida, personally appeared David Gordon, as Manager of Palm Avenue Hialeah LLC, personally known to me (or proved to me on the basis of satisfactory evidence) to be the person whose name is subscribed to the within instrument and acknowledged to me that he/she executed the same in his/her authorized capacity, on behalf of the Corporation.

Notary Public

JORGE MALDONADO
MY COMMISSION # GG 167538
EXPIRES: December 12, 2021
Bonded Thru Notary Public Underwriters

JORGE MALDONADO
MY COMMISSION # GG 167538
EXPIRES: December 12, 2021
Bonded Thru Notary Public Underwriters

DATE: **FEBRUARY 26, 2008**                                    **MIN #: 100039650006543545**
BORROWER: **Javier Jimenez**
          **Julieta Jimenez**

LOAN #: **K0654354**
PROPERTY ADDRESS:
**2034 Charlton Street**
**Los Angeles, CA 90034**

| CREDIT LIMIT: $ | $160,000.00 | INITIAL ADVANCE: $ | $160,000.00 |
| MINIMUM ADVANCE: $ | $500.00 | | |
| DRAW PERIOD: | 120 MONTHS | MATURITY DATE: | APRIL 1, 2018 |

# HOME EQUITY LINE OF CREDIT AGREEMENT
## AND DISCLOSURE STATEMENT

This Agreement governs your Home Equity Line of Credit ("HELOC Account") with   **E-LOAN, INC., A DELAWARE CORPORATION**

(the "Lender"). Read this Agreement carefully, because it explains your HELOC Account. As used in this Agreement the terms "we," "us," and "our" refer to the Lender and any person to whom the Lender assigns this Agreement, and "you," "your," and "yours" refer to each person who has signed this Agreement.

    1.  **Your Promise to Repay Advances.** Under this Agreement, you may obtain loans from us. These loans are called "Advances." If this is a joint HELOC Account, anyone signing below may request an Advance. This Agreement requires you to repay these Advances and permits you to take additional Advances. You promise and agree to repay all Advances, any finance charges which accrue on them, and all other fees and charges that we impose under the terms of this Agreement.

    2.  **Using Your HELOC Account; Initial and Minimum Advance.** You will receive an Advance of **$160,000.00** ("Initial Advance") when you open your HELOC Account, after expiration of the right to cancel. You must wait 30 days from the date you receive your Initial Advance to begin requesting additional Advances. You may request Advances from your HELOC Account by writing a Home Equity Line of Credit Check ("Check") for the exact amount you desire as long as it is in a minimum amount of **$500.00.** You may take Advances for a period of 120 months after the date your HELOC Account is opened ("Advance Period"). After such Advance Period, you are no longer permitted to obtain Advances. On **APRIL 1, 2018** (the "Maturity Date"), you must pay the entire outstanding balance on your HELOC Account, including Advances, accrued finance charges, and other fees and charges.

    3.  **Credit Limit.** You have a Credit Limit of **$160,000.00** on your HELOC Account. You may not request an Advance that would cause the amount you owe to exceed your Credit Limit. We are not required to honor any request for an Advance that would cause you to exceed the amount of your Credit Limit. If we do authorize the Advance, it does not mean your Credit Limit has been raised. We may require you to repay the amount over your Credit Limit at once.

    4.  **Minimum Payments.** Payments during the Advance Period will be due monthly. During the Advance Period, you must make minimum monthly payments of the greater of $100.00 or the total amount of all accrued finance charges, fees and other charges to your HELOC Account. You may also be required to immediately repay the full amount of any Advance that exceeds the Credit Limit. You may repay all or part of the amount you owe at any time without penalty; however, you may have to pay the termination fee set forth in Section 9 if you cancel this Agreement or if your HELOC Account is terminated due to an Event of Default. Paying only the minimum periodic payments will not repay any of the principal. A balloon payment of the entire principal balance and any unpaid finance charges, fees and charges will be due on the Maturity Date.

    5.  **Finance Charges.** Periodic finance charges begin to accrue on the day an Advance is charged to your HELOC Account and continue until the outstanding balance on such Advance is paid in full. Periodic finance charges on your HELOC Account will be determined by applying a daily periodic rate to the daily balance (as described below) of your HELOC Account for each day in the billing cycle. To calculate the daily balance, we take the beginning balance of your HELOC Account each day, add any new Advances, and subtract any payments or credits applied to this principal balance on that day. To the extent permitted by applicable law, any fee listed in Section 9 that is assessed and not paid by the payment due date shown on the monthly statement on which it is itemized, will be treated as an Advance and included in the daily balance calculation beginning on the first day of the billing cycle that starts after that payment due date. This calculation gives us the daily balance, which we multiply by your daily periodic rate, resulting in the daily finance charge. Then we add up all the daily finance charges for each day in the billing cycle. This is the total periodic finance charge for the billing cycle. There is no "free ride" period during which you could avoid periodic finance charges accruing on the unpaid principal balance of your HELOC Account.

    On the date your HELOC Account is opened the daily periodic rate is **0.0212%** and the corresponding **ANNUAL PERCENTAGE RATE** is **7.750%** ("Initial Rate"). The annual percentage rate includes interest and no other charges. The daily periodic rate (and corresponding annual percentage rate) are variable rates and therefore may increase or decrease on the first day of each billing cycle based on changes in the Prime Rate.

LOAN #: E0654354

☐ If this box is checked, your Initial Rate is a special introductory rate that is good through **N/A.** The Initial Rate is not equal to the sum of the Prime Rate and Margin, as described below. Therefore your daily periodic rate and corresponding annual percentage rate will not change until the end of your special introductory period. At the end of the special introductory period, your daily periodic rate and corresponding annual percentage rate may change even if the Prime Rate has not changed. As of the date your HELOC Account is opened, the daily periodic rate and corresponding **ANNUAL PERCENTAGE RATE** calculated using the Prime Rate and Margin would be: **N/A** and **N/A** respectively.

"Prime Rate" means the base rate on corporate loans posted by at least 75% of the thirty largest US banks and is published in the "Money Rates" table in **The Wall Street Journal**. We will use the highest Prime Rate if more than one is published. The Prime Rate is merely a pricing index. It is not intended, and you should not consider it, to represent the lowest or the best interest rate that we charge to any borrowers. An increase in the annual percentage rate and the daily periodic rate will result in a higher finance charge and higher minimum payments, while a decrease in those rates will result in a lower finance charge and lower minimum payments, assuming the same principal balance and number of days in the billing cycle.

The daily periodic rate may increase or decrease on the first day of each billing cycle. The new daily periodic rate will be based on the Prime Rate in effect on the preceding business day. We will determine your daily periodic rate by adding **1.750** percentage point(s) (the "Margin") to the Prime Rate and dividing the result by 365 (366 in leap years). However, your **ANNUAL PERCENTAGE RATE** will never exceed **18.000%.**

6. **Application of Payments.** Your payments will be applied first to any fees and charges you owe other than principal and finance charges, then to any finance charges that are due, and then to principal.

7. **Security Interest.** As a part of this transaction, you are granting us a Mortgage, Deed of Trust or Security Deed (the "Security Instrument") that was signed in connection with this Agreement, on the property, as further described in the Security Instrument, which is located at
**2034 Chariton Street
Los Angeles, CA 90034**

(the "Property"). You are obligated to abide by all of the terms and conditions of the Security Instrument as well as this Agreement. You could lose your Property if you fail to meet your obligations under this Agreement or the Security Instrument.

8. **Closing Costs.** At the time you sign this Agreement, you must pay the fees and charges listed below. These fees and charges may be charged to your HELOC Account as an Advance at the end of any applicable rescission period:

| (1) | **Origination Fee** | $1,280.00 |
|-----|---------------------|-----------|
| (2) | | |
| (3) | | |
| (4) | | |
| (5) | | |
| (6) | | |
| (7) | | |
| (8) | | |
| (9) | | |
| (10) | | |
| (11) | | |
| (12) | | |
| (13) | | |
| (14) | | |
| (15) | | |

Total fees paid by Borrower: $1,280.00

****************************************Fees paid by Lender ****************************************

| 1. | **MORTGAGE BROKER FEE** | $500.00 |
|----|-------------------------|---------|
| 2. | | |
| 3. | | |
| 4. | | |

Total fees paid by Lender $500.00

9. **Other Fees.**

A. Late Fees. If you do not make a full payment within **10** day(s) after the date it is due, we will charge a late fee of the greater of **N/A** or **6.000%** of the scheduled payment of principal and interest.

B. Returned Check Charge. You agree to pay us a returned check charge of **$25.00** for each check or other instrument tendered as payment under this Agreement that is returned or dishonored, to the extent permitted by law.

C. Annual Fee. You agree to pay an annual fee of **$75.00** which will be charged on the first anniversary of the opening of your HELOC Account and on each anniversary thereafter during the time this Agreement is in effect, whether or not you use or are able to use the HELOC Account. You will not receive a refund of any portion of the annual fee if the HELOC Account is terminated before the end of any annual period.

D. **Termination Fee.** You agree to pay us a termination fee of ____N/A____ if this Agreement is terminated due to an Event of Default, or if you elect to cancel this Agreement within ____N/A____ month(s) after your HELOC Account is opened.

E. **Miscellaneous Fees.** Where permitted by applicable law, we may charge you additional fees for extra services such as providing research and copies of documents, other than in response to a billing error inquiry. Any charge listed here will be included in your Minimum Payment Due for that billing cycle during which the charge was posted to your HELOC Account. During the Advance Period, if you do not pay any such charge by the payment due date, the charge will be treated as a loan and included in your daily balance beginning on the first day of the billing cycle starting after the payment due date, to the extent permitted by applicable law.

**10. Certain Additional Rights.** In addition to the rights explained elsewhere in this Agreement and in the Security Instrument, we also have the following rights:

A. We can terminate your HELOC Account, require you to pay us the entire outstanding balance in one payment, and charge you certain fees if any one or more of the following events occurs (each event called an "Event of Default"):
(1) You engage in fraud or material misrepresentation in connection with your HELOC Account.
(2) You fail to meet your repayment obligations under this Agreement.
(3) Your action or inaction adversely affects the Property or our rights in it. Examples of these actions or inactions include but are not limited to circumstances in which:
   (a) You sell or transfer title to the Property without our written consent;
   (b) You fail to maintain required insurance on the Property;
   (c) You fail to pay real property taxes and assessments on the Property when they are due;
   (d) The sole borrower on the HELOC Account dies;
   (e) If there is more than one borrower on the HELOC Account, one of the borrowers dies and the Property is adversely affected;
   (f) All or part of the Property is taken through condemnation or eminent domain;
   (g) A prior lien holder forecloses on the Property;
   (h) You use the Property in such a way, or you fail to keep the Property properly maintained and in good repair in such a way, that the Property is adversely affected;
   (i) The Property is used in an illegal way and it subjects the Property to seizure;
   (j) You become the subject of a proceeding in bankruptcy, and the Property is adversely affected as a result.

B. We can refuse to make additional extensions of credit or reduce your Credit Limit if:
(1) The value of the Property declines significantly below its appraised value for purposes of this HELOC Account.
(2) We reasonably believe you will not be able to meet the repayment requirements set forth in this Agreement due to a material change in your financial circumstances.
(3) You are in default of any material obligation under the Agreement or in the Security Instrument.
(4) Government action prevents us from imposing the annual percentage rate provided for in this Agreement.
(5) Government action impairs our security interest such that the value of our interest is less than 120 percent of your Credit Limit.
(6) A regulatory agency which supervises us has notified us that continued Advances would constitute an unsafe and unsound practice.
(7) The maximum annual percentage rate (or rate cap) is reached.
(8) One of the Events of Default listed above occurs.

If you believe your Credit Limit should be reinstated, you must send us a written request for reinstatement and include in the request the reasons why you believe the Credit Limit should be reinstated.

**11. Legal Fees.** If we refer your account to an attorney for collection or foreclosure of the Security Instrument or if you or the Property become subject to a bankruptcy proceeding, you agree to pay our reasonable attorney's fees to the extent allowed by applicable law.

**12. Release.** Upon release of our lien on the Property, you shall pay any recordation or filing costs and any fees paid to a third party for services rendered, to the extent allowed by law.

**13. Subsequent Appraisals.** At any time as we may reasonably require, while you have the right to take Advances on your HELOC Account, we may obtain an appraisal on the Property at our expense. You agree that you will cooperate with us in obtaining such an appraisal.

**14. Assumption/Transfer of Property.** Someone buying your property may not assume this loan on these terms. If all or any part of the Property or any interest in it is sold or transferred without our prior written consent, we may, at our option, require immediate payment in full of all sums secured by the Security Instrument. However, this option shall not be exercised by us if exercise is prohibited by federal law as of the date of the Security Instrument.

**15. Lost and Stolen Checks.** You agree to notify us promptly if any of your Checks are lost or stolen. You also agree to cooperate with us or any law enforcement agency in any effort to investigate the circumstances surrounding the incident and efforts to minimize potential losses to you or us stemming from it.

**16. Notices.** Unless applicable law requires notice to be given in another manner, any statement or notice to you about your HELOC Account will be given by personal delivery or by regular first class mail, addressed to your last address appearing on our records, or to a new address if you have given us at least 20 days prior written notice of the new address.

**17. Amendment.** We may change the terms of this Agreement if you consent or if such changes benefit you or are insignificant. Prior written notice of changes will be given to you when required by applicable law. Changes may apply to both the current and future HELOC Account balance unless prohibited by applicable law.

Initials: _____
CA1562NT  0602
02-26-2008  10:21

LOAN #: E0654354

18. **Irregular Payments.** We may accept late payments, partial payments, or items marked "payment in full" or the like without losing any of our rights under this Agreement.

19. **Delay in Enforcement.** We may delay enforcing our rights under this Agreement without losing them.

20. **Applicable Law.** Except to the extent that federal law shall be controlling, the terms of this Agreement shall be governed by the law of the state in which the Property is located.

21. **Joint HELOC Account.** On a joint HELOC Account each of you may use the HELOC Account, and each of you is individually responsible for payment of the entire balance regardless of who actually requested the Advance. Each of you has the right, upon written notice to us, to have the Credit Limit reduced or to suspend the privilege of obtaining new Advances. We have a reasonable time after receipt of your request to take action on it. A request to suspend the privilege of obtaining Advances, even if made only by one of you, will be effective against all of you who are eligible to obtain Advances under this Agreement. In order to restore the HELOC Account, we may require financial information from all of you and may refuse to restore the HELOC Account if you no longer qualify under the criteria then in effect for new HELOC Accounts. Any request for reinstatement would have to be made by all of you, despite the fact that only one of you may have requested the suspension of Advances.

22. **Review of Your HELOC Account.** You agree that we may, at our own expense, obtain credit reports and updated credit scores on you to review your HELOC Account, and upon our request, you will provide us with current financial and credit information so that we may review your HELOC Account. You also agree to sign any additional or corrective documents necessary to correct clerical errors or mistakes in this Agreement or related documents.

23. **Tax Consequences.** You should consult your own tax advisor concerning the deductibility of interest and other costs charged in connection with this HELOC Account. The Internal Revenue Service requires you to furnish to us, the interest recipient, your tax payor identification number ("TIN") in order to verify any deduction for mortgage interest. Your failure to provide us with your TIN may subject you to a $50 penalty imposed by the Internal Revenue Service.

24. **Cancellation.** You may cancel this Agreement by notifying us in writing at the address shown on your monthly billing statement for making inquiries, paying the entire HELOC Account balance in full, and returning to us all of your unused Checks and other access devices you have under this Agreement. You may also have to pay the termination fee set forth in Section 9 and the lien release fee set forth in Section 12 above. This Agreement remains in effect until you have complied with all of these requirements.

25. **Assignment.** We may sell or transfer this Agreement to another person without your consent and without prior notice to you, except as required by law. You may not transfer your rights or obligations under this Agreement without our consent, except as required by law. Your obligations are binding on your heirs and legal representatives.

You agree to the terms and conditions contained in this Agreement and you acknowledge receipt of a completed copy of this Agreement.

ACCEPTED AND AGREED TO:

_____ (Seal)
Javier Jimenez

_____ (Seal)
Julieta Jimenez

PAY TO THE ORDER OF

WITHOUT RECOURSE

TIMOTHY CLIFFORD
FUNDING SUPERVISOR
E-LOAN, INC.
6230 STONERIDGE MALL RD.
PLEASANTON, CA 94588

LOAN #: E0654354

## YOUR BILLING RIGHTS
### Keep this Notice For Future Use

This notice contains important information about your rights and our responsibilities under the Fair Credit Billing Act.

<u>Notify Us in Case of Errors or Questions About Your Bill.</u> If you think your bill is wrong, or if you need more information about a transaction on your bill, write us on a separate sheet at the address listed on your billing statement. Write to us as soon as possible. We must hear from you no later than 60 days after we sent you the first bill on which the error or problem appeared. You can telephone us, but doing so will not preserve your rights.

In your letter, give us the following information:
* Your name and account number.
* The dollar amount of the suspected error.
* Describe the error and explain, if you can, why you believe there is an error.

If you need more information, describe the item you are not sure about.

<u>Your Rights and Our Responsibilities After We Receive Your Written Notice.</u> We must acknowledge your letter within 30 days, unless we have corrected the error by then. Within 90 days, we must either correct the error or explain why we believe the bill was correct.

After we receive your letter, we cannot try to collect any amount you question, or report you as delinquent. We can continue to bill you for the amount you question, including finance charges, and we can apply any unpaid amount against your Credit Limit. You do not have to pay any questioned amount while we are investigating, but you are still obligated to pay the parts of your bill that are not in question.

If we find that we made a mistake on your bill, you will not have to pay any finance charges related to the questioned amount. If we did not make a mistake, you may have to pay finance charges, and you will have to make up any missed payments on the questioned amount. In either case, we will send you a statement of the amount you owe and the date that it is due.

If you fail to pay the amount that we think you owe, we may report you as delinquent. However, if our explanation does not satisfy you and you write to us within 10 days telling us that you still refuse to pay, we must tell anyone we report you to that you have a question about your bill. And, we must tell you the name of anyone we reported you to. We must tell anyone we report you to that the matter has been settled between us when it finally is.

If we don't follow these rules, we can't collect the first $50 of the questioned amount, even if your bill was correct.

Initials: J.J.J
CA1982NT  0802
02-26-2008 10:21

### DECLARATION OF ESCROW OFFICER VICTOR RIVERA

I, Victor Rivera, hereby declare that I am over eighteen years of age and I can testify, if requested, in a court of law, that what I am about to state on this declaration is the truth and nothing but the truth. I declare that I am familiar with the instant bankruptcy case herein " Julieta Jimenez " Chapter 13 Petition. Based on my forty years of experience in Real Estate Escrow and Real Estate Title, I can testify:

The following assignments and /or transfers are not Chronological in order as they supposed to be prescribed. Therefore, the documents presented as recorded corporate assignments or transfers of mortgage are fabricated and therefore, invalid.

I have looked at the assignment made from E-Loan to Popular Mortgages Servicing, Inc. on May 1, 2008 (Attached Exhibit 2 on the Complaint) and I have take a Look on the assignment to BLB Trading Co. as a deed of trust on 03/10/2008 and recorded until 08/23/2018. The assignment was made to Popular Mortgage Servicing, Inc. on May 1st, 2008 as attached herein

" Exhibit 1 "

The Corporate Assignment of Deed of Trust presented by Defendant ARCPE 1, LLP aka ARCPE Holding, LLC. C/o Wilshire Financial Network C/o Wilshire Financial Loan Service is not an authentic or legitimate document. Other visible observation that I have made it has to do with The Notary Public Seal on the Corporate Assignment of Deed of Trust to BLB Trading, LLC is not a Real Notarization Seal, it has been typed in and all the handwriting information inserted to the " Assignment " does not profess security that the document is in deed a true document.

The chain of title recording is broken herein, every other Assignment presented by ARCPE 1, LLP aka ARCPE Holding, LLC in its proof of claim are hereby unacceptable and shall not be

allowed as a true claim for a debt against Plaintiff's Julieta Jimenez property.

A critical observation that I have found during my investigation through the Bankruptcy Court records in relation to ARCPE 1, LLP aka ARCPE Holding, LLC's Claim for a debt against Plaintiff's Property, has to do with another entity's Proof of Claim for the same debt. This is found in the bankruptcy records for Javier and Julieta Jimenez Bankruptcy case Number 2:12-bk-34474-SK. The proof of claim was filed by SOLACE FINANCIAL, LLC on Nov. 27, 2012 ARCPE 1, LLP aka ARCPE Holding, LLC C/o Wilshire Financial Network claims on its Corporate Assignment for Deed of Trust that the Second Deed of Trust originated by E-Loan, Inc. was assigned to BLB Trading, LLC by Mortgage Electronic Registration Systems, Inc. on August 31, 2009 This situation raises the question, where was BLB Trading, LLC on or around November 2012 to file its proof of claim for the debt on the Jimenezes property, but instead some other entity, Solace Financial, LLC. Was claiming the debt with their proof of claim but BLB Trading, LLC was Not.

" Exhibit 2 "

My expert opinion after all the investigation that I have performed, is that the subject Second Lien debt on Plaintiff's Julieta Jimenez does not exist and it was a debt that was written off by Popular Mortgage Service, Inc. For which ARCPE 1, LLP aka ARCPE Holding, LLC C/o Wilshire Financial Network C/o Wilshire Financial Loan Service as trustee does not have l legitimate validity therefore its claim is void and invalid.

I hereby declare under penalty of perjury under the laws of state of California and under the laws of the United States of America that the forgone is true and correct to the best of my knowledge.

Executed at Los Angeles this January 14, 0f 2021

Victor Rivera

" **Exhibit  1**"

Recording Requested By:
POPULAR MORTGAGE SERVICING, INC.

When Recorded Return To:

POPULAR MORTGAGE SERVICING, INC
121 WOODCREST ROAD
CHERRY HILL, NJ 08003

---

*191470*

## CORPORATE ASSIGNMENT OF DEED OF TRUST

**Los Angeles, California**
**SELLER'S SERVICING #:191470 "JIMINEZ"**

**MERS #: 100039650006543545 VRU #: 1-888-679-6377**

Prepared By: Sheryl Klish, POPULAR MORTGAGE SERVICING, INC 121 WOODCREST ROAD, CHERRY HILL, NJ 08004
800-556-1425

For Value Received, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. hereby grants, assigns and tranfers to **BLB Trading, LLC** at ✱ all beneficial interest under that certain Deed of Trust dated 03/10/2008 , in the amount of $160,000.00, executed by JAVIER JIMENEZ AND JULIETA JIMENEZ to ELOAN, INC. and Recorded: 03/21/2008 as Instrument No.: 20080488975 in Los Angeles, California

Together with the note or notes therein described or referred to, in said Deed of Trust, the money due and to become due thereon with interest, and all rights accrued or to accrue under said Deed of Trust.

In witness whereof this instrument is executed.

✱ *2100 Ponce De Leon Blvd Suite 720, Coral Gables, FL 33134*

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.
On 8/31/09

JOHN N. COOKE, Senior Vice-President

STATE OF N____
COUNTY OF ____
On 8/31/09 before me, Beth A Fidanza ____, a Notary Public in and for ____ in the State of NJ ____, personally appeared JOHN N. COOKE, Senior Vice-President, personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity, and that by his/her/their signature on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

**Notary Public of New Jersey**
**Beth A. Fidanza**
My Commission Expires Feb. 18, 2014

Notary Expires: / /

(This area for notarial seal)

"SK"SK1EO  IY"06/27/2009 04:26:07 PM" EQTY01FEQTYA0C00C00000C0002122753" CALOS A" 191470 CASTATE_TRUST_ASSIGN_ASSN ""SK" ECTY"

**This page is part of your document - DO NOT DISCARD**



# 20180856082

Pages:
0002

**Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California**

**08/23/18 AT 04:27PM**

| | |
|---|---|
| FEES: | 20.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| SB2: | 75.00 |
| PAID: | 95.00 |



**L E A D S H E E T**



201808233340101

00015625338



009290689

**SEQ:
01**

**SECURE - Daily**



**THIS FORM IS NOT TO BE DUPLICATED**

FOR REFERENCE ONLY - 20180962437

When Recorded mail to:
ARCPE Holding, LLC
1900 Sunset Harbour Dr.
The Annex-2nd Floor
Miami Beach, FL 33139
Loan Nº/Borrower: 91030/Jimenez

## ASSIGNMENT OF MORTGAGE / DEED OF TRUST

Los Angeles County, California

| | |
|---|---|
| Date of Assignment: | 09/17/2018 |
| Assignor: | Palm Avenue Hialeah, LLC |
| | 1900 Sunset Harbour Dr. The Annex-2nd Floor Miami Beach, FL 33139 |
| Assignee: | ARCPE Holding, LLC |
| | 1900 Sunset Harbour Dr. The Annex-2nd Floor Miami Beach, FL 33139 |
| Executed By: | Javier Jimenez and Julieta Jimenez |
| To: | Mortgage Electronic Registration Systems, Inc. (MERS) as nominee for E-Loan, Inc., a Delaware Corporation |
| Date of Mortgage: | 02/26/2008 |
| Recorded: | 03/21/2008 in Official Records as Instrument #20080488975, in the County of Los Angeles, State of California. |
| | - Assignment of Mortgage from Mortgage Electronic Registration Systems, Inc. (MERS) as nominee for E-Loan, Inc., a Delaware Corporation (assignor) to BLB Trading, LLC, (assignee) dated August 31, 2009 and recorded on August 23, 2018 as Instrument #20180856082 of the official property records of Los Angeles County, California. |
| | - Assignment of Mortgage from BLB Trading, LLC (assignor) to Palm Avenue Hialeah, LLC (assignee) dated August 24, 2016 and recorded on September 13, 2018 as Instrument #20180942845 of the official property records of Los Angeles County, California. |
| Legal Description | LOT 401 OF TRACT 1250 IN THE CITY OF LOS ANGELES, STATE OF CALIFORNIA, AS SHOWN ON MAP FILED IN BOOK 18, PAGES 46 AND 47 OF MAPS IN THE COUNTY RECORDER OF SAID COUNTY. |
| APN: | 4302-034-015 |
| Property Address: | 2034 Charlton Street, Los Angeles, CA 90034 |

KNOW ALL MEN BY THESE PRESENTS that in consideration of the sum of TEN and NO/100ths Dollars and other good and valuable consideration, paid to the above named Assignor, the receipt and sufficiency of which is hereby acknowledged, said Assignor hereby assigns unto the above-named Assignee, the said Mortgage/Deed of Trust together with the Note or other evidence of indebtedness (the "Note"), said Note having an original principal sum of **$160,000.00** with interest, secured thereby, together with all moneys now owing or that may hereafter become due or owing in respect thereof, and the full benefit of all the powers and of all corporate assignment of Mortgage/Deed of Trust.



## This page is part of your document - DO NOT DISCARD



# 20180962437



**Pages: 0003**

**Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California**

**09/19/18 AT 03:20PM**

| | |
|---|---|
| FEES: | 29.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| SB2: | 75.00 |
| PAID: | 104.00 |



**L E A D S H E E T**



201809190230041

**00015744602**

009351719

**SEQ:
01**

**SECURE - Daily**



**THIS FORM IS NOT TO BE DUPLICATED**



TO HAVE AND TO HOLD the said Mortgage/Deed of Trust and Note, and also the said property unto the said Assignee forever, subject to the terms contained in said presents the day and year first above written.

On ___09/17/2018___

Witness:
By: _____
Print Name: George Henderson

Witness:
By: _____
Print Name: Paul Ramos

Palm Avenue Hialeah, LLC

_____
David Gordon, Manager

STATE OF FLORIDA
COUNTY OF MIAMI-DADE

On __09/17/2018__, before me, _Jorge Maldonado_ a Notary Public in and for the County of Miami-Dade, State of Florida, personally appeared David Gordon, as Manager of Palm Avenue Hialeah LLC, personally known to me (or proved to me on the basis of satisfactory evidence) to be the person whose name is subscribed to the within instrument and acknowledged to me that he/she executed the same in his/her authorized capacity, on behalf of the Corporation.

_____
Notary Public

JORGE MALDONADO
MY COMMISSION # GG 167538
EXPIRES: December 12, 2021
Bonded Thru Notary Public Underwriters

JORGE MALDONADO
MY COMMISSION # GG 167538
EXPIRES: December 12, 2021
Bonded Thru Notary Public Underwriters

When Recorded mail to:
Palm Avenue Hialeah, LLC
1900 Sunset Harbor Dr. The Annex-2nd Floor
Miami Beach, FL 33139
Loan #: 3700887309
Created by Barbara Murdock

## CORPORATE ASSIGNMENT OF MORTGAGE

Los Angeles County, California

| | |
|---|---|
| Date of Assignment: | 8/24/16 |
| Assignor: | BLB Trading, LLC |
| | 2100 Ponce De Leon Blvd Suite 720 Coral Gables, FL 33134 |
| Assignee: | Palm Avenue Hialeah, LLC |
| | 1900 Sunset Harbor Dr., the Annex-2nd Floor, Miami Beach, FL 33139 |
| Executed By: | Javier Jimenez and Julieta Jimenez, husband and wife, as joint tenants |
| Date of Mortgage: | 02/26/2008 |
| Recorded: | 03/21/2008, in Official Records, Instrument # 20080488975, of the Public Records of |
| | Los Angeles County, California |
| Property Address: | 2034 Chariton Street Los Angeles CA 90034 |

KNOW ALL MEN BY THESE PRESENTS that in consideration of the sum of TEN and NO/100ths
Dollars and other good and valuable consideration, paid to the above named Assignor, the receipt and sufficiency of
which is hereby acknowledged, said Assignor hereby assigns unto the above-named Assignee, the said Mortgage
together with the Note or other evidence of indebtedness (the "Note"), said Note having an original principal sum of
$160,000.00 with interest, secured thereby, together with all moneys now owing or that may hereafter become due
or owing in respect thereof, and the full benefit of all the powers and of all the covenants and provisions therein
contained, and the said Assignee, the Assignor's interest under the Mortgage

TO HAVE AND TO HOLD the said Mortgage and Note, and also the said property unto the said Assignee
forever, subject to the terms contained in said presents the day and year first above written.

On 8/24/16                 BLB Trading, LLC

Witness:
By:
Print Name: _Hanna Alvarez_

Witness:
By:
Print Name: _Brandon Caled_              James Fratangelo, Manager

STATE OF FLORIDA
COUNTY OF MIAMI DADE

On 8/24/16 before me, _Minelys Hernandez_, a Notary Public in and for the County of Miami Dade, State
of Florida, personally appeared James Fratangelo, as Manager of BLB Trading, LLC personally known to me (or
proved to me on the basis of satisfactory evidence) to be the person whose name is subscribed to the within

**This page is part of your document - DO NOT DISCARD**

# 20180942845





**Pages:**
**0002**

Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California

**09/13/18 AT 02:26PM**

| | |
|---|---:|
| FEES: | 23.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| SB2: | 75.00 |
| PAID: | 98.00 |



**L E A D S H E E T**



201809130210033

00015702901



009331832

**SEQ:**
**01**

**SECURE - Daily**



**THIS FORM IS NOT TO BE DUPLICATED**

90130 - Javier Jimenez

# " Exhibit  2"

B 10 (Official Form 10) (12/11)

| UNITED STATES BANKRUPTCY COURT | Central District of California | PROOF OF CLAIM |
|---|---|---|

| Name of Debtor:<br>Javier Jimenez & Julieta Jimenez | Case Number:<br>12-34474 |
|---|---|

**FILED**

**NOV 27 2012**

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY: _____ Deputy Clerk

NOTE: *Do not use this form to make a claim for an administrative expense that arises after the bankruptcy filing. You may file a request for payment of an administrative expense according to 11 U.S.C. § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):
**Solace Financial, LLC**

COURT USE ONLY

Name and address where notices should be sent:
**2550 W Tyvola Road Ste 240
Charlotte, NC 28217**

Telephone number: **(888) 765-2236**  email: rwojciechowski@solacefinancial.com

❏ Check this box if this claim amends a previously filed claim.

**Court Claim Number:** _____
*(If known)*

Filed on: _____

Name and address where payment should be sent (if different from above):



Telephone number:         email:

❏ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars.

1. Amount of Claim as of Date Case Filed:     $            188,819.27

If all or part of the claim is secured, complete item 4.

If all or part of the claim is entitled to priority, complete item 5.

☑ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

2. Basis for Claim:  Deed of Trust/ HELOC agreement  **(Junior Mortgage)**
(See instruction #2)

| 3. Last four digits of any number by which creditor identifies debtor:<br>3 0 9 5 | 3a. Debtor may have scheduled account as:<br>(See instruction #3a) | 3b. Uniform Claim Identifier (optional):<br>(See instruction #3b) |
|---|---|---|

4. Secured Claim (See instruction #4)
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

Nature of property or right of setoff: ☑Real Estate  ❏Motor Vehicle  ❏Other
Describe: 2034 Chariton Street, Los Angeles, CA

Value of Property: $_____

Annual Interest Rate_____% ❏Fixed  or  ☑Variable
(when case was filed)

Amount of arrearage and other charges, as of the time case was filed, included in secured claim, if any:

$      74,670.20

Basis for perfection: _____

Amount of Secured Claim:  $      188,819.27

Amount Unsecured:  $_____

5. Amount of Claim Entitled to Priority under 11 U.S.C. § 507 (a). If any part of the claim falls into one of the following categories, check the box specifying the priority and state the amount.

❏ Domestic support obligations under 11 U.S.C. § 507 (a)(1)(A) or (a)(1)(B).

❏ Wages, salaries, or commissions (up to $11,725*) earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier – 11 U.S.C. § 507 (a)(4).

❏ Contributions to an employee benefit plan – 11 U.S.C. § 507 (a)(5).

❏ Up to $2,600* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507 (a)(7).

❏ Taxes or penalties owed to governmental units – 11 U.S.C. § 507 (a)(8).

❏ Other – Specify applicable paragraph of 11 U.S.C. § 507 (a)(___).

Amount entitled to priority:

$_____

*Amounts are subject to adjustment on 4/1/13 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

6. Credits. The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #6)

**7. Documents:** Attached are **redacted** copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. If the claim is secured, box 4 has been completed, and **redacted** copies of documents providing evidence of perfection of a security interest are attached. *(See instruction #7, and the definition of "redacted".)*

DO NOT SEND ORIGINAL DOCUMENTS.  ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

---

**8. Signature:** (See instruction #8)

Check the appropriate box.

☑ I am the creditor.  ☐ I am the creditor's authorized agent.  ☐ I am the trustee, or the debtor,  ☐ I am a guarantor, surety, indorser, or other codebtor.
(Attach copy of power of attorney, if any.)  or their authorized agent.  (See Bankruptcy Rule 3005.)
(See Bankruptcy Rule 3004.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Print Name: Renee' Wojciechowski
Title: Bankruptcy Facilitator
Company: Solace Financial, LLC                                                     11/21/2012
Address and telephone number (if different from notice address above):     (Signature)                              (Date)

Telephone number:                    email:

*Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.*

---

## INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, exceptions to these general rules may apply.*

**Items to be completed in Proof of Claim form**

**Court, Name of Debtor, and Case Number:**
Fill in the federal judicial district in which the bankruptcy case was filed (for example, Central District of California), the debtor's full name, and the case number. If the creditor received a notice of the case from the bankruptcy court, all of this information is at the top of the notice.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the bankruptcy filing. Follow the instructions concerning whether to complete items 4 and 5. Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card. If the claim is based on delivering health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information. You may be required to provide additional disclosure if an interested party objects to the claim.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**3a. Debtor May Have Scheduled Account As:**
Report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**3b. Uniform Claim Identifier:**
If you use a uniform claim identifier, you may report it here. A uniform claim identifier is an optional 24-character identifier that certain large creditors use to facilitate electronic payment in chapter 13 cases.

**4. Secured Claim:**
Check whether the claim is fully or partially secured. Skip this section if the claim is entirely unsecured. (See Definitions.) If the claim is secured, check the box for the nature and value of property that secures the claim, attach copies of lien documentation, and state, as of the date of the bankruptcy filing, the annual interest rate (and whether it is fixed or variable), and the amount past due on the claim.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. § 507 (a).**
If any portion of the claim falls into any category shown, check the appropriate box(es) and state the amount entitled to priority. (See Definitions.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

**6. Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**7. Documents:**
Attach redacted copies of any documents that show the debt exists and a lien secures the debt. You must also attach copies of documents that evidence perfection of any security interest. You may also attach a summary in addition to the documents themselves. FRBP 3001(c) and (d). If the claim is based on delivering health care goods or services, limit disclosing confidential health care information. Do not send original documents, as attachments may be destroyed after scanning.

**8. Date and Signature:**
The individual completing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what constitutes a signature. If you sign this form, you declare under penalty of perjury that the information provided is true and correct to the best of your knowledge, information, and reasonable belief. Your signature is also a certification that the claim meets the requirements of FRBP 9011(b). Whether the claim is filed electronically or in person, if your name is on the signature line, you are responsible for the declaration. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. If the claim is filed by an authorized agent, attach a complete copy of any power of attorney, and provide both the name of the individual filing the claim and the name of the agent. If the authorized agent is a servicer, identify the corporate servicer as the company. Criminal penalties apply for making a false statement on a proof of claim.

Case 2:12-bk-34474-SK   Claim 7-1   Filed 11/07/12   Desc Main Document   Page 3 of
Case 2:21-ap-01019-SK   Doc 71   Filed 11/29/21   Entered 11/29/21 15:13   Page 52 of
Main Document   20   Page 52 of 77

B 10A (Attachment A) (12/11)

# Mortgage Proof of Claim Attachment

If you file a claim secured by a security interest in the debtor's principal residence, you must use this form as an attachment to your proof of claim. See Bankruptcy Rule 3001(c)(2).

| | | | | |
|---|---|---|---|---|
| Name of debtor: | Javier Jimenez & Julieta Jimenez | Case number: | 12-34474 | |
| Name of creditor: | Solace Financial, LLC | Last four digits of any number you use to identify the debtor's account: | 3 0 9 5 | |

## Part 1: Statement of Principal and Interest Due as of the Petition Date

Itemize the principal and interest due on the claim as of the petition date (included in the Amount of Claim listed in Item 1 on your Proof of Claim form).

1. Principal due (1) $ 159,276.71

2. Interest due

| Interest rate | From mm/dd/yyyy | To mm/dd/yyyy | Amount |
|---|---|---|---|
| 5.00 % | 12/01/2008 | 07/16/2012 | $ 29,542.56 |
| % | | | $ |
| % | | | + $ |

Total interest due as of the petition date   $ 29,542.56   Copy total here ▶ (2) + $ 29,542.56

3. Total principal and interest due (3) $ 188,819.27

## Part 2: Statement of Prepetition Fees, Expenses, and Charges

Itemize the fees, expenses, and charges due on the claim as of the petition date (included in the Amount of Claim listed in Item 1 on the Proof of Claim form).

| Description | Dates incurred | Amount |
|---|---|---|
| 1. Late charges | | (1) $ |
| 2. Non-sufficient funds (NSF) fees | | (2) $ |
| 3. Attorney's fees | | (3) $ |
| 4. Filing fees and court costs | | (4) $ |
| 5. Advertisement costs | | (5) $ |
| 6. Sheriff/auctioneer fees | | (6) $ |
| 7. Title costs | | (7) $ |
| 8. Recording fees | | (8) $ |
| 9. Appraisal/broker's price opinion fees | | (9) $ |
| 10. Property inspection fees | | (10) $ |
| 11. Tax advances (non-escrow) | | (11) $ |
| 12. Insurance advances (non-escrow) | | (12) $ |
| 13. Escrow shortage or deficiency (Do not include amounts that are part of any installment payment listed in Part 3.) | | (13) $ |
| 14. Property preservation expenses. Specify:_____ | | (14) $ |
| 15. Other. Specify:_____ | | (15) $ |
| 16. Other. Specify:_____ | | (16) $ |
| 17. Other. Specify:_____ | | (17) + $ |
| 18. Total prepetition fees, expenses, and charges. Add all of the amounts listed above. | | (18) $ 0.00 |

B 10A (Attachment A) (12/11)                                                                                 Page 2

## Part 3. Statement of Amount Necessary to Cure Default as of the Petition Date

Does the installment payment amount include an escrow deposit?

☐ No

☐ Yes     Attach to the Proof of Claim form an escrow account statement prepared as of the petition date in a form consistent with
applicable nonbankruptcy law.

| | | | | | |
|---|---|---|---|---|---|
| 1. | Installment payments due | Date last payment received by creditor | 11/01/2008 *mm/dd/yyyy* | | |
| | | Number of installment payments due | (1) 44 | | |
| 2. | Amount of installment payments due | 44 Installments @ | $ 1,697.05 | | |
| | | _____ installments @ | $ _____ | | |
| | | _____ installments @ | + $ _____ | | |
| | | Total installment payments due as of the petition date | $ 74,670.20 | Copy total here ▶ | (2) $ 74,670.20 |
| 3. | Calculation of cure amount | Add total prepetition fees, expenses, and charges | | Copy total from Part 2 here ▶ | + $ 0.00 |
| | | Subtract total of unapplied funds (funds received but not credited to account) | | | − $ _____ |
| | | Subtract amounts for which debtor is entitled to a refund | | | − $ _____ |
| | | Total amount necessary to cure default as of the petition date | | | (3) $ 74,670.20 |

Copy total onto Item 4 of Proof of
Claim form

▲                **This page is part of your document - DO NOT DISCARD**                ▲



**20080488975**   **Pages: 011**

**Recorded/Filed in Official Records**
**Recorder's Office, Los Angeles County,**
**California**

**03/21/08 AT 08:00AM**

Fee:  40.00
Tax:  0.00
Other: 0.00
_____
Total: 40.00

REDACTED

**Title Company**

**TITLE(S) :**



**L E A D      S H E E T**



**Assessor's Identification Number (AIN)**
**To be completed by Examiner OR Title Company in black ink.**        **Number of AIN's Shown**

▲        E 02991        **THIS FORM IS NOT TO BE DUPLICATED**        ▲



DATE: **FEBRUARY 26, 2008**
BORROWER: **Javier Jimenez**
          **Julieta Jimenez**

MIN #: ▬▬▬▬▬▬

LOAN #: ▬▬▬▬▬▬
PROPERTY ADDRESS:
**2034 Chariton Street**
**Los Angeles, CA 90034**

| CREDIT LIMIT: $ | **$160,000.00** | INITIAL ADVANCE: $ | **$160,000.00** |
|---|---|---|---|
| MINIMUM ADVANCE: $ | **$500.00** | | |
| DRAW PERIOD: | **120 MONTHS** | MATURITY DATE: | **APRIL 1, 2018** |

# HOME EQUITY LINE OF CREDIT AGREEMENT
## AND DISCLOSURE STATEMENT

This Agreement governs your Home Equity Line of Credit ("HELOC Account") with **E-LOAN, INC., A DELAWARE CORPORATION**

(the "Lender"). Read this Agreement carefully, because it explains your HELOC Account. As used in this Agreement the terms "we," "us," and "our" refer to the Lender and any person to whom the Lender assigns this Agreement, and "you," "your," and "yours" refer to each person who has signed this Agreement.

1. **Your Promise to Repay Advances.** Under this Agreement, you may obtain loans from us. These loans are called "Advances." If this is a joint HELOC Account, anyone signing below may request an Advance. This Agreement requires you to repay these Advances and permits you to take additional Advances. You promise and agree to repay all Advances, any finance charges which accrue on them, and all other fees and charges that we impose under the terms of this Agreement.

2. **Using Your HELOC Account; Initial and Minimum Advance.** You will receive an Advance of **$160,000.00** ("Initial Advance") when you open your HELOC Account, after expiration of the right to cancel. You must wait 30 days from the date you receive your Initial Advance to begin requesting additional Advances. You may request Advances from your HELOC Account by writing a Home Equity Line of Credit Check ("Check") for the exact amount you desire as long as it is in a minimum amount of **$500.00**. You may take Advances for a period of 120 months after the date your HELOC Account is opened ("Advance Period"). After such Advance Period, you are no longer permitted to obtain Advances. On **APRIL 1, 2018** (the "Maturity Date"), you must pay the entire outstanding balance on your HELOC Account, including Advances, accrued finance charges, and other fees and charges.

3. **Credit Limit.** You have a Credit Limit of **$160,000.00** on your HELOC Account. You may not request an Advance that would cause the amount you owe to exceed your Credit Limit. We are not required to honor any request for an Advance that would cause you to exceed the amount of your Credit Limit. If we do authorize the Advance, it does not mean your Credit Limit has been raised. We may require you to repay the amount over your Credit Limit at once.

4. **Minimum Payments.** Payments during the Advance Period will be due monthly. During the Advance Period, you must make minimum monthly payments of the greater of $100.00 or the total amount of all accrued finance charges, fees and other charges to your HELOC Account. You may also be required to immediately repay the full amount of any Advance that exceeds the Credit Limit. You may repay all or part of the amount you owe at any time without penalty; however, you may have to pay the termination fee set forth in Section 9 if you cancel this Agreement or if your HELOC Account is terminated due to an Event of Default. Paying only the minimum periodic payments will not repay any of the principal. A balloon payment of the entire principal balance and any unpaid finance charges, fees and charges will be due on the Maturity Date.

5. **Finance Charges.** Periodic finance charges begin to accrue on the day an Advance is charged to your HELOC Account and continue until the outstanding balance on such Advance is paid in full. Periodic finance charges on your HELOC Account will be determined by applying a daily periodic rate to the daily balance (as described below) of your HELOC Account for each day in the billing cycle. To calculate the daily balance, we take the beginning balance of your HELOC Account each day, add any new Advances, and subtract any payments or credits applied to this principal balance on that day. To the extent permitted by applicable law, any fee listed in Section 9 that is assessed and not paid by the payment due date shown on the monthly statement on which it is itemized, will be treated as an Advance and included in the daily balance calculation beginning on the first day of the billing cycle that starts after that payment due date. This calculation gives us the daily balance, which we multiply by your daily periodic rate, resulting in the daily finance charge. Then we add up all the daily finance charges for each day in the billing cycle. This is the total periodic finance charge for the billing cycle. There is no "free ride" period during which you could avoid periodic finance charges accruing on the unpaid principal balance of your HELOC Account.

On the date your HELOC Account is opened the daily periodic rate is **0.02124%** and the corresponding **ANNUAL PERCENTAGE RATE** is **7.750%** ("Initial Rate"). The annual percentage rate includes interest and no other charges. The daily periodic rate (and corresponding annual percentage rate) are variable rates and therefore may increase or decrease on the first day of each billing cycle based on changes in the Prime Rate.

CA - HELOC AGREEMENT - Single Family - ▬▬ - E-LOAN Gen (Rev. 1/24/02)
Online Documents, Inc.
Page 1 of 5

Initials: J.J  J.J
▬▬▬▬  0802
02-26-2008 10:21

COPY

Case 2:12-bk-34674-SK Claim 7-1 Filed 11/07/12 Desc Main Document Page 3 of 20
Case 2:24-ap-01619-SK Doc 71 Filed 11/19/21 Entered 11/19/21 15:15:13 Page 3 of
Main Document Page 56 of 77

LOAN #: ━━━━━

☐ If this box is checked, your Initial Rate is a special introductory rate that is good through
**N/A.** The Initial Rate is not equal to the sum of the Prime Rate and Margin, as described below. Therefore your daily periodic rate and corresponding annual percentage rate will not change until the end of your special introductory period. At the end of the special introductory period, your daily periodic rate and corresponding annual percentage rate may change even if the Prime Rate has not changed. As of the date your HELOC Account is opened, the daily periodic rate and corresponding **ANNUAL PERCENTAGE RATE** calculated using the Prime Rate and Margin would be: **N/A** and **N/A** respectively.

"Prime Rate" means the base rate on corporate loans posted by at least 75% of the thirty largest US banks and is published in the "Money Rates" table in The Wall Street Journal. We will use the highest Prime Rate if more than one is published. The Prime Rate is merely a pricing index. It is not intended, and you should not consider it, to represent the lowest or the best interest rate that we charge to any borrowers. An increase in the annual percentage rate and the daily periodic rate will result in a higher finance charge and higher minimum payments, while a decrease in those rates will result in a lower finance charge and lower minimum payments, assuming the same principal balance and number of days in the billing cycle.

The daily periodic rate may increase or decrease on the first day of each billing cycle. The new daily periodic rate will be based on the Prime Rate in effect on the preceding business day. We will determine your daily periodic rate by adding **1.750** percentage point(s) (the "Margin") to the Prime Rate and dividing the result by 365 (366 in leap years). However, your **ANNUAL PERCENTAGE RATE** will never exceed **18.000%.**

6. **Application of Payments.** Your payments will be applied first to any fees and charges you owe other than principal and finance charges, then to any finance charges that are due, and then to principal.

7. **Security Interest.** As a part of this transaction, you are granting us a Mortgage, Deed of Trust or Security Deed (the "Security Instrument") that was signed in connection with this Agreement, on the property, as further described in the Security Instrument, which is located at
**2034 Charlton Street**
**Los Angeles, CA 90034**

(the "Property"). You are obligated to abide by all of the terms and conditions of the Security Instrument as well as this Agreement. You could lose your Property if you fail to meet your obligations under this Agreement or the Security Instrument.

8. **Closing Costs.** At the time you sign this Agreement, you must pay the fees and charges listed below. These fees and charges may be charged to your HELOC Account as an Advance at the end of any applicable rescission period:

| | | |
|---|---|---|
| (1) Origination Fee | $1,280.00 | |
| (2) | | |
| (3) | | |
| (4) | | |
| (5) | | |
| (6) | | |
| (7) | | |
| (8) | | |
| (9) | | |
| (10) | | |
| (11) | | |
| (12) | | |
| (13) | | |
| (14) | | |
| (15) | | |
| Total fees paid by Borrower: | $1,280.00 | |

*************************************** Fees paid by Lender ***************************************

| | | |
|---|---|---|
| 1. MORTGAGE BROKER FEE | $500.00 | |
| 2. | | |
| 3. | | |
| 4. | | |
| Total fees paid by Lender | $500.00 | |

9. **Other Fees.**

A. **Late Fees.** If you do not make a full payment within **10** day(s) after the date it is due, we will charge a late fee of the greater of **N/A** or **6.000%** of the scheduled payment of principal and interest.

B. **Returned Check Charge.** You agree to pay us a returned check charge of **$25.00** for each check or other instrument tendered as payment under this Agreement that is returned or dishonored, to the extent permitted by law.

C. **Annual Fee.** You agree to pay an annual fee of **$75.00** which will be charged on the first anniversary of the opening of your HELOC Account and on each anniversary thereafter during the time this Agreement is in effect, whether or not you use or are able to use the HELOC Account. You will not receive a refund of any portion of the annual fee if the HELOC Account is terminated before the end of any annual period.



LOAN #: ▬▬▬▬▬

D. **Termination Fee.** You agree to pay us a termination fee of **N/A**. If this Agreement is terminated due to an Event of Default, or if you elect to cancel this Agreement within **N/A** month(s) after your HELOC Account is opened.

E. **Miscellaneous Fees.** Where permitted by applicable law, we may charge you additional fees for extra services such as providing research and copies of documents, other than in response to a billing error inquiry. Any charge listed here will be included in your Minimum Payment Due for that billing cycle during which the charge was posted to your HELOC Account. During the Advance Period, if you do not pay any such charge by the payment due date, the charge will be treated as a loan and included in your daily balance beginning on the first day of the billing cycle starting after the payment due date, to the extent permitted by applicable law.

10. **Certain Additional Rights.** In addition to the rights explained elsewhere in this Agreement and in the Security Instrument, we also have the following rights:

A. We can terminate your HELOC Account, require you to pay us the entire outstanding balance in one payment, and charge you certain fees if any one or more of the following events occurs (each event called an "Event of Default"):
(1) You engage in fraud or material misrepresentation in connection with your HELOC Account.
(2) You fail to meet your repayment obligations under this Agreement.
(3) Your action or inaction adversely affects the Property or our rights in it. Examples of these actions or inactions include but are not limited to circumstances in which:
  (a) You sell or transfer title to the Property without our written consent;
  (b) You fail to maintain required insurance on the Property;
  (c) You fail to pay real property taxes and assessments on the Property when they are due;
  (d) The sole borrower on the HELOC Account dies;
  (e) If there is more than one borrower on the HELOC Account, one of the borrowers dies and the Property is adversely affected;
  (f) All or part of the Property is taken through condemnation or eminent domain;
  (g) A prior lien holder forecloses on the Property;
  (h) You use the Property in such a way, or you fail to keep the Property properly maintained and in good repair in such a way, that the Property is adversely affected;
  (i) The Property is used in an illegal way and it subjects the Property to seizure;
  (j) You become the subject of a proceeding in bankruptcy, and the Property is adversely affected as a result.

B. We can refuse to make additional extensions of credit or reduce your Credit Limit if:
(1) The value of the Property declines significantly below its appraised value for purposes of this HELOC Account.
(2) We reasonably believe you will not be able to meet the repayment requirements set forth in this Agreement due to a material change in your financial circumstances.
(3) You are in default of any material obligation under the Agreement or in the Security Instrument.
(4) Government action prevents us from imposing the annual percentage rate provided for in this Agreement.
(5) Government action impairs our security interest such that the value of our interest is less than 120 percent of your Credit Limit.
(6) A regulatory agency which supervises us has notified us that continued Advances would constitute an unsafe and unsound practice.
(7) The maximum annual percentage rate (or rate cap) is reached.
(8) One of the Events of Default listed above occurs.

If you believe your Credit Limit should be reinstated, you must send us a written request for reinstatement and include in the request the reasons why you believe the Credit Limit should be reinstated.

11. **Legal Fees.** If we refer your account to an attorney for collection or foreclosure of the Security Instrument or if you or the Property become subject to a bankruptcy proceeding, you agree to pay our reasonable attorney's fees to the extent allowed by applicable law.

12. **Release.** Upon release of our lien on the Property, you shall pay any recordation or filing costs and any fees paid to a third party for services rendered, to the extent allowed by law.

13. **Subsequent Appraisals.** At any time as we may reasonably require, while you have the right to take Advances on your HELOC Account, we may obtain an appraisal on the Property at our expense. You agree that you will cooperate with us in obtaining such an appraisal.

14. **Assumption/Transfer of Property.** Someone buying your property may not assume this loan on these terms. If all or any part of the Property or any interest in it is sold or transferred without our prior written consent, we may, at our option, require immediate payment in full of all sums secured by the Security Instrument. However, this option shall not be exercised by us if exercise is prohibited by federal law as of the date of the Security Instrument.

15. **Lost and Stolen Checks.** You agree to notify us promptly if any of your Checks are lost or stolen. You also agree to cooperate with us or any law enforcement agency in any effort to investigate the circumstances surrounding the incident and efforts to minimize potential losses to you or us stemming from it.

16. **Notices.** Unless applicable law requires notice to be given in another manner, any statement or notice to you about your HELOC Account will be given by personal delivery or by regular first class mail, addressed to your last address appearing on our records, or to a new address if you have given us at least 20 days prior written notice of the new address.

17. **Amendment.** We may change the terms of this Agreement if you consent or if such changes benefit you or are insignificant. Prior written notice of changes will be given to you when required by applicable law. Changes may apply to both the current and future HELOC Account balance unless prohibited by applicable law.

CA - HELOC AGREEMENT - Single Family - ▬▬ - E-LOAN Gen (Rev. 1/24/02)
Online Documents, Inc.                                  Page 3 of 5

Initials: J.J.J.
0802
02-26-2008 10:21

LOAN #: ▓▓▓▓▓▓

18. **Irregular Payments.** We may accept late payments, partial payments, or items marked "payment in full" or the like without losing any of our rights under this Agreement.

19. **Delay in Enforcement.** We may delay enforcing our rights under this Agreement without losing them.

20. **Applicable Law.** Except to the extent that federal law shall be controlling, the terms of this Agreement shall be governed by the law of the state in which the Property is located.

21. **Joint HELOC Account.** On a joint HELOC Account each of you may use the HELOC Account, and each of you is individually responsible for payment of the entire balance regardless of who actually requested the Advance. Each of you has the right, upon written notice to us, to have the Credit Limit reduced or to suspend the privilege of obtaining new Advances. We have a reasonable time after receipt of your request to take action on it. A request to suspend the privilege of obtaining Advances, even if made only by one of you, will be effective against all of you who are eligible to obtain Advances under this Agreement. In order to restore the HELOC Account, we may require financial information from all of you and may refuse to restore the HELOC Account if you no longer qualify under the criteria then in effect for new HELOC Accounts. Any request for reinstatement would have to be made by all of you, despite the fact that only one of you may have requested the suspension of Advances.

22. **Review of Your HELOC Account.** You agree that we may, at our own expense, obtain credit reports and updated credit scores on you to review your HELOC Account, and that upon our request, you will provide us with current financial and credit information so that we may review your HELOC Account. You also agree to sign any additional or corrective documents necessary to correct clerical errors or mistakes in this Agreement or related documents.

23. **Tax Consequences.** You should consult your own tax advisor concerning the deductibility of interest and other costs charged in connection with this HELOC Account. The Internal Revenue Service requires you to furnish to us, the interest recipient, your tax payor identification number ("TIN") in order to verify any deduction for mortgage interest. Your failure to provide us with your TIN may subject you to a $50 penalty imposed by the Internal Revenue Service.

24. **Cancellation.** You may cancel this Agreement by notifying us in writing at the address shown on your monthly billing statement for making inquiries, paying the entire HELOC Account balance in full, and returning to us all of your unused Checks and other access devices you have under this Agreement. You may also have to pay the termination fee set forth in Section 9 and the lien release fee set forth in Section 12 above. This Agreement remains in effect until you have complied with all of these requirements.

25. **Assignment.** We may sell or transfer this Agreement to another person without your consent and without prior notice to you, except as required by law. You may not transfer your rights or obligations under this Agreement without our consent, except as required by law. Your obligations are binding on your heirs and legal representatives.

You agree to the terms and conditions contained in this Agreement and you acknowledge receipt of a completed copy of this Agreement.

ACCEPTED AND AGREED TO:

_(signature)_ _____ (Seal)
Javier Jimenez

_(signature)_ _____ (Seal)
Julieta Jimenez

PAY TO THE ORDER OF

WITHOUT RECOURSE
_(signature)_
TIMOTHY CLIFFORD
FUNDING SUPERVISOR
E-LOAN, INC.
6230 STONERIDGE MALL RD.
PLEASANTON, CA 94588

**COPY**

LOAN #: _____

### YOUR BILLING RIGHTS
**Keep this Notice For Future Use**

This notice contains important information about your rights and our responsibilities under the Fair Credit Billing Act.

**Notify Us in Case of Errors or Questions About Your Bill.** If you think your bill is wrong, or if you need more information about a transaction on your bill, write us on a separate sheet at the address listed on your billing statement. Write to us as soon as possible. We must hear from you no later than 60 days after we sent you the first bill on which the error or problem appeared. You can telephone us, but doing so will not preserve your rights.

In your letter, give us the following information:
- Your name and account number.
- The dollar amount of the suspected error.
- Describe the error and explain, if you can, why you believe there is an error.

If you need more information, describe the item you are not sure about.

**Your Rights and Our Responsibilities After We Receive Your Written Notice.** We must acknowledge your letter within 30 days, unless we have corrected the error by then. Within 90 days, we must either correct the error or explain why we believe the bill was correct.

After we receive your letter, we cannot try to collect any amount you question, or report you as delinquent. We can continue to bill you for the amount you question, including finance charges, and we can apply any unpaid amount against your Credit Limit. You do not have to pay any questioned amount while we are investigating, but you are still obligated to pay the parts of your bill that are not in question.

If we find that we made a mistake on your bill, you will not have to pay any finance charges related to the questioned amount. If we did not make a mistake, you may have to pay finance charges, and you will have to make up any missed payments on the questioned amount. In either case, we will send you a statement of the amount you owe and the date that it is due.

If you fail to pay the amount that we think you owe, we may report you as delinquent. However, if our explanation does not satisfy you and you write to us within 10 days telling us that you still refuse to pay, we must tell anyone we report you to that you have a question about your bill. And, we must tell you the name of anyone we reported you to. We must tell anyone we report you to that the matter has been settled between us when it finally is.

If we don't follow these rules, we can't collect the first $50 of the questioned amount, even if your bill was correct.



Initials: J.J.J. J

0602
02-26-2008 10:21

▲                **This page is part of your document - DO NOT DISCARD**                ▲



### 20080488975

**Pages:
011**

**Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California**

**03/21/08 AT 08:00AM**

Fee: 40.00

Tax: 0.00

Other: 0.00

Total: 40.00

**Title Company**

## TITLE(S) :  _____

▲                                                                                        ▲



L E A D    S H E E T

**Assessor's Identification Number (AIN)
To be completed by Examiner OR Title Company in black ink.**          **Number of AIN's Shown**

▲              **THIS FORM IS NOT TO BE DUPLICATED**          ▲

REDACTED



03/21/08

**20080488975**

United General Title Insurance Company

After Recording Return To:
SMI - ELOAN
9700 BISSONNET SUITE 1500
MAILSTOP - TD 127
HOUSTON, TX 77036
800-795-5263

This document was prepared by:
NAOMI FALKNER
E-LOAN, INC.
6230 STONERIDGE MALL ROAD
PLEASANTON, CA 94588

Title Order No.:
Escrow No.:

LOAN #:

MIN:

## OPEN END DEED OF TRUST
### (Securing Future Advances)

**THIS DEED OF TRUST** is made on **FEBRUARY 26, 2008.** The trustor is **JAVIER JIMENEZ AND JULIETA JIMENEZ, HUSBAND AND WIFE, AS JOINT TENANTS,**

COPY

The trustee is **UNITED GENERAL TITLE INSURANCE COMPANY**

("Trustee"). MERS is the beneficiary under this Deed of Trust. "MERS" is Mortgage Electronic Registration Systems, Inc. MERS is a separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns. MERS is organized and existing under the laws of Delaware, and has an address and telephone number of PO Box 2026, Flint, Michigan 48501-2026, tel. (888) 679-MERS. In this Deed of Trust, the terms "you," "your" and "yours" refer to the trustor(s). The terms "we," "us" and "our" refer to  **E-LOAN, INC., A DELAWARE CORPORATION**

THIS DEED OF TRUST IS SECOND AND
SUBJECT TO A FIRST DEED OF TRUST
RECORDING CONCURRENTLY

("Lender"),

CA - DEED OF TRUST - Single Family - HELOC - HC# 4895 (11/14/00)
© 2004, 2007 Online Documents, Inc.          **Page  1  of  7**

Initials: J.J. J.J.
0710
02-26-2008 10:21

LOAN #: ━━━━━

whose address is   6230 STONERIDGE MALL ROAD, PLEASANTON, CA 94588.

Pursuant to a Home Equity Line of Credit Agreement dated the same date as this Deed of Trust ("Agreement"), you may incur maximum unpaid loan indebtedness (exclusive of interest thereon) in amounts fluctuating from time to time up to the maximum principal sum outstanding at any time of   ***ONE HUNDRED SIXTY THOUSAND AND NO/100 ***************************************** Dollars (U.S.   $160,000.00 ). All amounts due under the Agreement must be paid in full not later than APRIL 1, 2018.

You agree that this Deed of Trust shall continue to secure all sums now or hereafter advanced under the terms of the Agreement including, without limitation, such sums that are advanced by us whether or not at the time the sums are advanced there is any principal sum outstanding under the Agreement. The parties hereto intend that this Deed of Trust shall secure unpaid balances, and all other amounts due to us hereunder and under the Agreement.

The beneficiary of this Deed of Trust is MERS (solely as a nominee for Lender and Lender's successors and assigns) and the successors and assigns of MERS. This Deed of Trust secures to us: (a) the repayment of the debt evidenced by the Agreement, with interest, and all refinancings, renewals, extensions and modifications of the Agreement; (b) the payment of all other sums, with interest, advanced under this Deed of Trust to protect the security of this Deed of Trust; and (c) the performance of your covenants and agreements under this Deed of Trust and the Agreement. For this purpose, and in consideration of the debt, you irrevocably grant and convey to the Trustee and Trustee's successors and assigns, in trust, with power of sale, the following described property located in   Los Angeles   County, California:
See Exhibit "A"/legal description attached hereto and made a part hereof.
APN #: 4302-034-015

which has the address of 2034 Chariton Street, Los Angeles,

California   90034   ("Property Address");

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, rights, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Deed of Trust. All of the foregoing is referred to in this Deed of Trust as the "Property." You understand and agree that MERS holds only legal title to the interests granted by you in this Deed of Trust, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing and canceling this Deed of Trust.

YOU COVENANT that you are lawfully seised of the estate hereby conveyed and have the right to grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. You warrant and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

CA - DEED OF TRUST - Single Family - HELOC - HC# ━━ (11/14/99)
© 2004, 2007 Online Documents, Inc.          **Page   2   of 7**

Initials: J.J.J.J
━━━━━ 0710
**02-26-2008 10:21**

LOAN # ▮▮▮▮▮▮▮▮▮   4

**YOU AND WE** covenant and agree as follows:

**1.   Payment of Principal, Interest and Other Charges.** You shall pay when due the principal and interest owing under the Agreement and all other charges due hereunder and due under the Agreement.

**2.   Application of Payments.** Unless applicable law provides otherwise, all payments received by us under the Agreement and Section 1 shall be applied by us as provided in the Agreement.

**3.   Prior Deed of Trusts; Charges; Liens.** You have disclosed to us and obtained our approval of any mortgage, deed of trust or other security agreement with a lien which has priority over this Deed of Trust. You shall perform all of your obligations under any mortgage, deed of trust or other security instruments with a lien which has priority over this Deed of Trust, including your covenants to make payments when due. You shall pay all taxes, assessments, charges, fines and impositions attributable to the Property which may attain priority over this Deed of Trust or any advance under this Deed of Trust, and leasehold payments or ground rents, if any. Upon our request, you shall promptly furnish to us all notices of amounts to be paid under this paragraph and receipts evidencing any such payments you make directly. You shall promptly discharge any lien (other than a lien disclosed to us in your application or in any title report we obtained) which has priority over this Deed of Trust or any advance under this Deed of Trust.

If applicable law authorizes us to do so, we specifically reserve to ourself and our successors and assigns the unilateral right, upon an event of default in payment of taxes, assessments or insurance on the Property, to require, upon notice, that you pay to us on the day monthly payments are due an amount equal to one-twelfth (1/12) of the yearly taxes, and assessments (including condominium and planned unit development assessments, if any) which may attain priority over this Deed of Trust and ground rents on the Property, if any, plus one-twelfth (1/12) of yearly premium installments for hazard and mortgage insurance, all as we reasonably estimate initially and from time to time, as allowed by and in accordance with applicable law.

**4.   Hazard Insurance.** You shall keep the Property insured against loss by fire, hazards included within the term "extended coverage" and any other hazards, including floods or flooding and earthquakes, for which we require insurance. This insurance shall be maintained in the amounts and for the periods that we require. You may choose any insurer reasonably acceptable to us. Insurance policies and renewals shall be acceptable to us and shall include a standard mortgagee clause. If we require, you shall promptly give us all receipts of paid premiums and renewal notices. If you fail to maintain coverage as required in this section, you authorize us to obtain such coverage as we in our sole discretion determine appropriate to protect our interest in the Property in accordance with the provisions in Section 6. You understand and agree that any coverage we purchase may cover only our interest in the Property and may not cover your interest in the Property or any personal property therein. You also understand and agree that the premium for any such insurance may be higher than the premium you would pay for such insurance. You shall promptly notify the insurer and us of any loss. We may make proof of loss if you do not promptly do so.

We may also, at our option and on your behalf, adjust and compromise any claims under the insurance, give releases or acquittances to the insurance company in connection with the settlement of any claim and collect and receive insurance proceeds. You appoint us as your attorney-in-fact to do all of the foregoing, which appointment you understand and agree is irrevocable, coupled with an interest with full power of substitution and shall not be affected by your subsequent disability or incompetence.

Insurance proceeds shall be applied to restore or repair the Property damaged, if restoration or repair is economically feasible and our security would not be lessened. Otherwise, insurance proceeds shall be applied to sums secured by this Deed of Trust, whether or not then due, with any excess paid to you. If you abandon the Property, or do not answer within 30 days after we give notice to you that the insurer has offered to settle a claim, then we may collect and use the proceeds to repair or restore the Property or to pay sums secured by this Deed of Trust, whether or not then due. Any application of proceeds to principal shall not require us to extend or postpone the due date of monthly payments or change the amount of monthly payments. If we acquire the Property at a forced sale following your default, your right to any insurance proceeds resulting from damage to the Property prior to the acquisition shall pass to us to the extent of the sums secured by this Deed of Trust immediately prior to the acquisition.

You shall not permit any condition to exist on the Property which would, in any way, invalidate the insurance coverage on the Property.

Initials J.J.J.J
▮▮▮▮▮ 0710
02-26-2008 10:21



LOAN #:

**5. Preservation, Maintenance and Protection of the Property; Your Loan Application; Leaseholds.** You shall not destroy, damage or substantially change the Property, allow the Property to deteriorate, or commit waste. You shall be in default if any forfeiture action or proceeding, whether civil or criminal, is begun that in our good faith judgment could result in forfeiture of the Property or otherwise materially impair the lien created by this Deed of Trust or our security interest. You may cure such a default, as provided in Section 17, by causing the action or proceeding to be dismissed with a ruling that, in our good faith determination, precludes forfeiture of your interest in the Property or other material impairment of the lien created by this Deed of Trust or our security interest. You shall also be in default if you, during the loan application process, gave materially false or inaccurate information or statements to us (or failed to provide us with any material information) in connection with the loan evidenced by the Agreement, including, but not limited to, representations concerning your occupancy of the Property as a principal residence. If this Deed of Trust is on a leasehold, you shall comply with the lease. You shall not surrender the leasehold estate and interests herein conveyed or terminate or cancel the ground lease. You shall not, without the express written consent of Lender, alter or amend the ground lease. If you acquire fee title to the Property, the leasehold and fee title shall not merge unless we agree to the merger in writing.

**6. Protection of Our Rights in the Property; Mortgage Insurance.** If you fail to perform the covenants and agreements contained in this Deed of Trust, or there is a legal proceeding that may significantly affect our rights in the Property (such as a proceeding in bankruptcy, probate, for condemnation or forfeiture or to enforce laws or regulations), then we may do, and pay for, anything necessary to protect the Property's value and our rights in the Property. Our actions may include paying any sums secured by a lien which has priority over this Deed of Trust or over any advance under the Agreement or this Deed of Trust, appearing in court, paying reasonable attorney's fees, paying any sums which you are required to pay under this Deed of Trust and entering on the Property to make repairs. We do not have to take any action we are permitted to take under this Section; and amounts we pay under this Section shall become additional debts you owe us and shall be secured by this Deed of Trust. These amounts shall bear interest from the disbursement date at the rate established under the Agreement and shall be payable, with interest, upon our request. If we required mortgage insurance as a condition of making the loan secured by this Deed of Trust, you shall pay the premiums for such insurance until such time as the requirement for the insurance terminates.

**7. Inspection.** We may enter and inspect the Property at any reasonable time and upon reasonable notice.

**8. Condemnation.** The proceeds of any award for damages, direct or consequential, in connection with any condemnation or other taking of any part of the Property, or for conveyance in lieu of condemnation, are hereby assigned and shall be paid to us. If the Property is abandoned, or if, after notice by us to you that the condemnor offers to make an award or settle a claim for damages, you fail to respond to us within 30 days after the date the notice is given, we are authorized to collect and apply the proceeds, at our option, either to restoration or repair of the Property or to the sums secured by this Deed of Trust, whether or not then due. Unless we and you otherwise agree in writing, any application of proceeds to principal shall not extend or postpone the due date of the monthly payments payable under the Agreement and Section 1 or change the amount of such payments.

**9. No Release Upon Extension or Modification.** Our granting of any extension of time for payment or our agreement to modify the terms of repayment of the obligations under the Agreement or the requirements in this Deed of Trust shall not operate to release you from your obligations or liability under the Agreement or this Deed of Trust.

**10. Successors and Assigns Bound; Joint and Several Liability; Co-signers.** The covenants and agreements of this Deed of Trust shall bind and benefit your successors and permitted assigns. Your covenants and agreements shall be joint and several. Anyone who co-signs this Deed of Trust but does not execute the Agreement: (a) is co-signing this Deed of Trust only to mortgage, grant and convey such person's interest in the Property; (b) is not personally obligated to pay the Agreement, but is obligated to pay all other sums secured by this Deed of Trust; and (c) agrees that we and anyone else who signs this Deed of Trust may agree to extend, modify, forbear or make any accommodations regarding the terms of this Deed of Trust or the Agreement without such person's consent.

**11. Loan Charges.** If the loan secured by this Deed of Trust is subject to a law which sets maximum loan charges, and that law is finally interpreted so that the interest or other loan charges collected or to be collected in connection with the loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce

CA - DEED OF TRUST - Single Family - HELOC - HC# (11/14/99)
© 2004, 2007 Online Documents, Inc.                    **Page 4 of 7**

Initials: 

0710
02-26-2008 10:21


COPY



LOAN #: [redacted]

the charge to the permitted limit; and (b) any sums already collected from you which exceed permitted limits will be refunded to you. We may choose to make this refund by reducing the principal owed under the Agreement or by making a direct payment to you. If a refund reduces principal, the reduction will be treated as a partial prepayment without any prepayment charge under the Agreement.

**12. Notices.** Unless otherwise required by law, any notice to you provided for in this Deed of Trust shall be delivered or mailed by first class mail to the Property Address or any other address you designate by notice to us, and any notice to us shall be delivered or mailed by first class mail to our address stated above or any other address we designate by notice to you.

**13. Governing Law; Severability.** The interpretation and enforcement of this Deed of Trust shall be governed by the law of the jurisdiction in which the Property is located, except as preempted by federal law. In the event that any provision or clause of this Deed of Trust or the Agreement conflicts with applicable law, such conflict shall not affect other provisions of this Deed of Trust or the Agreement which can be given effect without the conflicting provision. To this end the provisions of this Deed of Trust and the Agreement are declared to be severable.

**14. Transfer of the Property.** If all or any part of the Property or any interest in it is sold or transferred without our prior written consent, we may, at our option, require immediate payment in full of all sums secured by this Deed of Trust. However, this option shall not be exercised by us if exercise is prohibited by federal law as of the date of this Deed of Trust.

**15. Sale of Agreement; Change of Loan Servicer.** The Agreement or a partial interest in the Agreement (together with this Deed of Trust) may be sold one or more times without prior notice to you. A sale may result in a change in the entity (known as the "Loan Servicer") that collects monthly payments due under the Agreement and this Deed of Trust. There also may be one or more changes of the Loan Servicer unrelated to the sale of the Agreement. If there is a change of the Loan Servicer, you will be given written notice of the change as required by applicable law. The notice will state the name and address of the new Loan Servicer and the address to which payments should be made. The notice will also contain any information required by applicable law.

**16. Hazardous Substances.** You shall not cause or permit the presence, use, disposal, storage, or release of any Hazardous Substances on or in the Property. You shall not do, nor allow anyone else to do, anything affecting the Property that is in violation of any Environmental Law. The preceding two sentences shall not apply to the presence, use, or storage on the Property of Hazardous Substances in quantities that are generally recognized to be appropriate to normal residential uses and to maintenance of the Property. You shall promptly give us written notice of any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the Property and any Hazardous Substance or Environmental Law of which you have actual knowledge. If you learn or are notified by any government or regulatory authority, that any removal or other remediation of any Hazardous Substance affecting the Property is necessary, you shall promptly take all necessary remedial actions in accordance with Environmental Law. As used in this Deed of Trust, "Hazardous Substances" are those substances defined as toxic or hazardous substances by Environmental Law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials. As used in this Deed of Trust, "Environmental Law" means federal laws and laws of the jurisdiction where the Property is located that relate to health, safety or environmental protection.

**17. Acceleration; Remedies.** You will be in default if (1) any payment required by the Agreement or this Deed of Trust is not made when it is due; (2) we discover that you have committed fraud or made a material misrepresentation in connection with the Agreement; or (3) your action, or your failure to act, adversely affects our security for the Agreement or any right we have in the Property. If a default occurs, we will give you notice specifying: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to you, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Deed of Trust and sale of the Property. The notice shall further inform you of the right to reinstate after acceleration and the right to bring a court action to assert the nonexistence of a default or any other defense you may have to

CA - DEED OF TRUST - Single Family - HELOC - HC# [redacted] (11/14/99)
© 2004, 2007 Online Documents, Inc.            **Page 5 of 7**

Initials: [handwritten initials]
[redacted] L 0710
02-26-2008 10:21



LOAN #: ▬▬▬▬▬

acceleration and sale. If the default is not cured on or before the date specified in the notice, we, at our option, may require immediate payment in full of all sums secured by this Deed of Trust without further demand and may invoke the power of sale and other remedies permitted by applicable law. We shall be entitled to collect all expenses incurred in pursuing remedies provided in this Section 17, including, but not limited to, reasonable attorneys' fees as permitted by applicable law.

If we invoke the power of sale, we shall execute or cause Trustee to execute a written notice of the occurrence of an event of default and of our election to cause the Property to be sold. Trustee shall cause this notice to be recorded in each county in which any part of the Property is located. We or the Trustee shall mail copies of the notice as prescribed by applicable law to you and to the other persons prescribed by applicable law. Trustee shall give public notice of sale to the persons and in the manner prescribed by applicable law. After the time required by applicable law, Trustee, without demand on you, shall sell the Property at public auction to the highest bidder at the time and place and under the terms designated in the notice of sale in one or more parcels and in any order Trustee determines. Trustee may postpone sale of all or any parcel of the Property by public announcement at the time and place of any previously scheduled sale. We or our designee may purchase the Property at any sale.

Trustee shall deliver to the purchaser Trustee's deed conveying the Property without any covenant or warranty, expressed or implied. The recitals in the Trustee's deed shall be conclusive evidence of the truth of the statements made therein, unless otherwise provided by applicable law. Trustee shall apply the proceeds of the sale in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable Trustee's and attorneys' fees, as set forth above; (b) to all sums secured by this Deed of Trust; and (c) any excess to the person or persons legally entitled to it.

**18. Discontinuance of Enforcement.** Notwithstanding our acceleration of the sums secured by this Deed of Trust under the provisions of Section 17, we may, in our sole discretion and upon such conditions as we in our sole discretion determine, discontinue any proceedings begun to enforce the terms of this Deed of Trust.

**19. Release.** Upon payment of all sums secured by this Deed of Trust, we or the Trustee shall release this Deed of Trust. You shall pay any recordation or filing costs and any fees paid to a third party for services rendered in reconveying or releasing this Deed of Trust, to the extent allowed by law.

**20. Substitute Trustee.** We may, at our option, from time to time appoint a successor trustee to any Trustee appointed hereunder by an instrument executed and acknowledged by us and recorded in the office of the Recorder of the county in which the Property is located. The instrument shall contain the name of the original lender, Trustee and borrower, the book and page where this Deed of Trust is recorded and the name and address of the successor trustee. Without conveyance of the Property, the successor trustee shall succeed to all the title, powers and duties conferred upon the Trustee herein and by applicable law. This procedure for substitution of trustee shall govern to the exclusion of all other provisions for substitution.

**21. Request for Notices.** You request that copies of the notices of default and sale be sent to your address which is the Property Address.

**22. Statement of Obligation Fee.** We may collect a fee not to exceed the maximum amount permitted by law for furnishing the statement of obligation as provided in Section 2943 of the Civil Code of California.

**23. Waiver.** No waiver by us at any time of any term, provision or covenant contained in this Deed of Trust or in the Agreement secured hereby shall be deemed to be or construed as a waiver of any other term, provision or covenant or of the same term, provision or covenant at any other time.

**24. Additional Charges.** You agree to pay reasonable charges as allowed by law in connection with the servicing of this loan including, without limitation, the costs of obtaining tax searches and subordinations, provided, however, that nothing contained in this section is intended to create and shall not be construed to create any duty or obligation by us to perform any such act, or to execute or consent to any such transaction or matter, except a release of the Deed of Trust upon full repayment of all sums secured thereby.

Initials: J.J.J
▬▬▬ 0710
02-26-2008 10:21


COPY

LOAN #: ▬▬▬▬

**25. Riders to this Deed of Trust.** If one or more riders are executed by you and recorded together with this Deed of Trust, the covenants and agreements of each such rider shall be incorporated into and shall amend and supplement the covenants and agreements of this Deed of Trust as if the rider(s) were a part of this Deed of Trust. [Check applicable box(es)]

☐ Condominium Rider    ☐ 1-4 Family Rider    ☐ Planned Unit Development Rider
☒ Other(s) [specify] **EQUITY LINE RIDER**

BY SIGNING BELOW, You accept and agree to the terms and covenants contained in this Deed of Trust and in any rider(s) executed by you and recorded with it.
Signed, sealed and delivered in the presence of:

_____ (Seal)
Javier Jimenez

_____ (Seal)
Julieta Jimenez

State of: *California*
County of: *Los Angeles*

On *March 10, 2008*, before me, *Jorge Galan, Notary Public*
(here insert name and title of the officer), personally appeared Javier Jimenez AND Julieta Jimenez, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____

[Notary Seal: JORGE GALAN, COMM. # 1765902, NOTARY PUBLIC-CALIFORNIA, LOS ANGELES COUNTY, My Comm. Exp. Dec. 26, 2011]

(SEAL)

CA - DEED OF TRUST - Single Family - HELOC - HC# ▬▬ (11/14/99)
© 2004, 2007 Online Documents, Inc.          Page 7 of 7

▬▬ 0710
02-26-2008 10:21

COPY

REDACTED

LOAN #:

## Equity Line Rider

MIN:

(Open end credit with ☐ fixed rate ☒ variable rate interest)

This Equity Line Rider is dated **FEBRUARY 26, 2008** and is an amendment to the Mortgage or Deed of Trust ("Mortgage") of the same date and given by the undersigned, **JAVIER JIMENEZ AND JULIETA JIMENEZ, HUSBAND AND WIFE, AS JOINT TENANTS**

("Borrower") to secure Borrower's Home Equity Line Agreement with **E-LOAN, INC., A DELAWARE CORPORATION**

("Lender") of the same day covering the property described in the Mortgage and located at: **2034 Chariton Street, Los Angeles, CA 90034.**

In addition to the covenants and agreements made in the Mortgage, Borrower and Lender further covenant and agree as follows:

1. The word "Note", as used in the Mortgage and this Rider, refers to the Home Equity Line of Credit Agreement.

2. The Note evidences an open end revolving line of credit agreement between Borrower and Lender under which future advances will be made. The amount stated in the Mortgage as the principal sum of the indebtedness is the current credit limit for the line of credit. All future advances from Lender to the Borrower under such evidence of debt, whether obligatory or discretionary shall be secured by the Mortgage. All obligatory future advances and advances to cure breaches of covenants contained in the Mortgage are secured as if made on the date of this Mortgage. Nothing in this Mortgage shall constitute a commitment to make additional or future loans or advances which exceed **$160,000.00** (which replicates the current provision in the parties written agreement providing for obligatory future advances.) All sums advanced and expenses incurred by Lender are for insuring, preserving, or otherwise protecting the Property and its value and any other sums advanced and expenses incurred by Lender under the terms of this Security Instrument.

3. The Note provides for:

A variable rate of interest expressed as a daily periodic rate equal to 1/365 of an annual rate of **1.750%** plus the "Index Rate". The daily periodic

Initials: J.J. J.J

Online Documents, Inc.                    Page 1 of 2                                    0509

**02-26-2008 10:21**



LOAN #:

rate may increase if the highest prime rate published in the Wall Street Journal "Money Rates" table (the "Index Rate") increases. The initial daily periodic rate is **0.0212%**. The annual percentage rate will never be more than **18.000%**. The daily periodic rate will be adjusted on the first business day of every month, using the index rate in effect that day. Any increase in the daily periodic rate may increase the monthly payment due.

## NOTICE: THIS MORTGAGE SECURES CREDIT IN THE AMOUNT OF **$160,000.00** LOANS AND ADVANCES UP TO THIS AMOUNT, TOGETHER WITH INTEREST, ARE SENIOR TO INDEBTEDNESS TO OTHER CREDITORS UNDER SUBSEQUENTLY RECORDED OR FILED MORTGAGES AND LIENS.

_____ (Seal)
Javier Jimenez

_____ (Seal)
Julieta Jimenez

Online Documents, Inc.　　　　　　**Page 2 of 2**　　　　0509



02-26-2008 10:21

COPY

Order Number: ━━━━━━
Page Number: ━━━━━━

### LEGAL DESCRIPTION

Real property in the City of Los Angeles, County of Los Angeles, State of California, described as follows:

LOT 401 OF TRACT 1250 IN THE CITY OF LOS ANGELES, STATE OF CALIFORNIA, AS SHOWN ON MAP FILED IN BOOK 18, PAGES 46 AND 47 OF MAPS IN THE COUNTY RECORDER OF SAID COUNTY.

APN: ━━━━-015

# Exhibit A



*United General Title Insurance Company*



# PROOF OF SERVICE
## for
## JULIETA JIMENEZ 2:20-20564-SK

I am a resident of the State of California, over the age of eighteen years, not a party to the within action. My business address is 357 E. 33rd Street, Los Angeles, CA 90011 on Jan. 15, 2021 I have served the within named documents 1. DEBTOR'S COMPLAINT FOR DECLARATORY 2. INJUNCTIVE RELIEF IMPOSITION OF THE STAY 3. VALIDITY, PRIORITY TO REMOVE LIEN OF DEFENDANTS. 7001 (2) Pursuant to FRBP 3001 (a)(d)(f)(g)  4. ESCROW OFFICER DECLARATION Served by Via Fed-Ex Overnight Mail,  by Hand delivery, E-Mail to the following parties:

> **United States Trustee (LA)**
> **915 Wilshire Blvd, Suite 1850, Los Angeles, CA 90017**
> **Phone 213-894-6811 Served by U. S. Certified and By E-mail**

> **Kathy A. Dockery Chapter 13 Trustee (TR) Efiling@LATrustee.com**
> **801 Figueroa Street, Suite 1850**
> **Los Angeles, CA 90017**
> **Phone: 213-996-4400  Served by U. S. Certifiedt Mail and By E-mail**

> **Law Offices of Mr. Sevan Gorginian sevan@gorginianlaw.com**
> **450 North Brand Blvd, Suite 600**
> **Glendale, CA 91203 Served by U. S. Certified Mail**

> **The United States Bankruptcy Court Honorable Judge Ms. Sandra R. Klein**
> **255 E. Temple Street, 15th Floor Courtroom 1575, Los Angeles, CA 90012**
> **U. S. Certified Mail ( because of reason of the Pandemic no court open)**

> **Bankruptcy Case Number 2:20-bk-20564-SK**

> **Debtor IN PRO PER: JULIETA  JIMENEZ**

I am readily familiar with the firm's practice of collecting and processing correspondence for mailing, Faxing, E-mailing, Telephonic Means or personal hand delivery. Under the practice it would deposited with United States Postal Service on the same day Overnight-Fed-Ex with postage fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter or delivery or faxed  date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct to the best of my knowledge.

Executed on January 16, 2021 at Los Angeles, California.

*Eva Vahlgren*
Eva Vahlgren

**Declaration of Proof of Service**



**U.S. Postal Service**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

Los Angeles, CA 90012

| Certified Mail Fee | $3.55 | | 0064 09 |
| Extra Services & Fees (check box, add fee as appropriate) | | | |
| ☐ Return Receipt (hardcopy) | $0.00 | | |
| ☐ Return Receipt (electronic) | $0.00 | | Postmark Here |
| ☐ Certified Mail Restricted Delivery | $0.00 | | |
| ☐ Adult Signature Required | $0.00 | | |
| ☐ Adult Signature Restricted Delivery | $ | | |
| Postage | $3.40 | | |
| Total Postage and Fees | $6.95 | | 01/16/2021 |

Sent To U.S. BC HON: Sandra Klein
Street and Apt. No., or PO Box No. 255-E. Temple st crm 1575
City, State, ZIP+4 LOS ANGELES, Ca 90012

PS Form 3800, April 2015 PSN 7530-02-000-9047 See Reverse for Instructions

---

**U.S. Postal Service**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

Glendale, CA 91203

| Certified Mail Fee | $3.55 | | 0064 09 |
| Extra Services & Fees (check box, add fee as appropriate) | | | |
| ☐ Return Receipt (hardcopy) | $0.00 | | |
| ☐ Return Receipt (electronic) | $0.00 | | Postmark Here |
| ☐ Certified Mail Restricted Delivery | $0.00 | | |
| ☐ Adult Signature Required | $0.00 | | |
| ☐ Adult Signature Restricted Delivery | $ | | |
| Postage | $3.40 | | |
| Total Postage and Fees | $6.95 | | 01/16/2021 SEVAN |

Sent To 3w offices of GORBINIAN
Street and Apt. No., or PO Box No. 750 N. Brand Blvd #600
City, State, ZIP+4 GLENDALE, CA 91203

PS Form 3800, April 2015 PSN 7530-02-000-9047 See Reverse for Instructions

---

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

Los Angeles, CA 90017

| Certified Mail Fee | $3.55 | | 0064 09 |
| Extra Services & Fees (check box, add fee as appropriate) | | | |
| ☐ Return Receipt (hardcopy) | $0.00 | | |
| ☐ Return Receipt (electronic) | $0.00 | | Postmark Here |
| ☐ Certified Mail Restricted Delivery | $0.00 | | |
| ☐ Adult Signature Required | $0.00 | | |
| ☐ Adult Signature Restricted Delivery | $0.00 | | |
| Postage | $3.40 | | |
| Total Postage and Fees | $6.95 | | 01/16/2021 chapter 13 |

Sent To Kathy A. Dockery (TR)
Street and Apt. No., or PO Box No. 801 E. Figueroa St # 1850
City, State, ZIP+4 LOS ANGELES, CA 90017

PS Form 3800, April 2015 PSN 7530-02-000-9047 See Reverse for Instructions

---

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

Flint, MI 48501

| Certified Mail Fee | $3.55 | | 0064 09 |
| Extra Services & Fees (check box, add fee as appropriate) | | | |
| ☐ Return Receipt (hardcopy) | $0.00 | | |
| ☐ Return Receipt (electronic) | $0.00 | | Postmark Here |
| ☐ Certified Mail Restricted Delivery | $0.00 | | |
| ☐ Adult Signature Required | $0.00 | | |
| ☐ Adult Signature Restricted Delivery | $0.00 | | |
| Postage | $3.40 | | |
| Total Postage and Fees | $6.95 | | 01/16/2021 Registration |

Sent To Mortgage Electronic Systems, INC
Street and Apt. No., or PO Box No. P.O. Box 2026
City, State, ZIP+4 Flint MI 48501-2026

PS Form 3800, April 2015 PSN 7530-02-000-9047 See Reverse for Instructions

---

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

Los Angeles, CA 90017

| Certified Mail Fee | $3.55 | | 0064 09 |
| Extra Services & Fees (check box, add fee as appropriate) | | | |
| ☐ Return Receipt (hardcopy) | $0.00 | | |
| ☐ Return Receipt (electronic) | $0.00 | | Postmark Here |
| ☐ Certified Mail Restricted Delivery | $0.00 | | |
| ☐ Adult Signature Required | $0.00 | | |
| ☐ Adult Signature Restricted Delivery | $0.00 | | |
| Postage | $3.40 | | |
| Total Postage and Fees | $6.95 | | 01/16/2021 |

Sent To United States Trustee (LA)
Street and Apt. No., or PO Box No. 915 Wilshire Blvd # 1850
City, State, ZIP+4 Los Angeles, Ca 90017

PS Form 3800, April 2015 PSN 7530-02-000-9047 See Reverse for Instructions

B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|

| PLAINTIFFS<br>JULIETA JIMENEZ | DEFENDANTS<br>ARCPE 1, LLP. aka ARCPE Holding, LLC.<br>E-Loan, Inc., Popular Mortgage Services, Inc.<br>Mortgage Electronic Registration System, Inc. |
|---|---|
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>IN PRO SE: JULIETA JIMENEZ<br>2034 CHARITON ST., LOS ANGELES, CA 90034 | **ATTORNEYS** (If Known)<br>Law Offices of Sevan Gorginian<br>450 N. Brand Blvd, Suite 600 Glendale, CA 91203 |

**RECEIVED**

JAN 19 2021

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
Deputy Clerk

| PARTY (Check One Box Only)<br>☑ Debtor ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor ☐ Other<br>☐ Trustee | PARTY (Check One Box Only)<br>☐ Debtor ☐ U.S. Trustee/Bankruptcy Admin<br>☑ Creditor ☐ Other<br>☐ Trustee |
|---|---|

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
DECLARATORY JUDGMENT FRBP 7001(9) INJUNCTIVE RELIEF IMPOSITION OF THE STAY
FRBP 7001(7)  VALIDITY, PRIORITY TO REMOVE LIEN OF DEFENDANTS FRBP 7001(2)

### NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☒ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner – §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation,
   actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation
   (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☒ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☒ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court
   if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |
| Other Relief Sought | |

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>JULIETA JIMENEZ | BANKRUPTCY CASE NO.<br>2:20-bk-20564-SK | |
| DISTRICT IN WHICH CASE IS PENDING<br>CENTRAL DISTRICT OF CALIFORNIA | DIVISION OFFICE<br>LOS ANGELES | NAME OF JUDGE<br>HON: SANDRA R. KLEIN |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY<br>PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | | |
| DATE<br>01/11/2021 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>JULIETA JIMENEZ | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

| | |
|---|---|
| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address<br><br>IN PRO PER:          310-897-6644<br><br>JULIETA  JIMENEZ<br><br>2034  CHARITON STREET<br><br>LOS ANGELES, CA  90034<br><br><br><br>*Attorney for Plaintiff*  IN PRO PER: | FOR COURT USE ONLY<br><br>**RECEIVED**<br>JAN 1 9 2021<br>CLERK U.S. BANKRUPTCY COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br>BY:                    Deputy Clerk |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - **SELECT DIVISION** LOS ANGELES**

| | |
|---|---|
| In re:<br><br>JULIETA  JIMENEZ<br><br><br><br>Debtor(s). | CASE NO.: 2:20-bk-20564-SK<br>CHAPTER: SELECT CHAPTER   CHAPTER  13<br>ADVERSARY NO.: |
| JULIETA  JIMENEZ<br><br><br><br>                        Plaintiff(s)<br>        Versus<br><br>ARCPE 1, LLP  AKA  ARCPE HOLDING, LLC<br>E-Loan, Inc., Popular Mortgage Services, Inc.<br>Mortgage Electronic Registration Systems, Inc<br><br>                        Defendant(s) | **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING [LBR 7004-1]** |

TO THE DEFENDANT:  A Complaint has been filed by the Plaintiff against you.  If you wish to defend against the Complaint, you must file with the court a written pleading in response to the Complaint.  You must also serve a copy of your written response on the party shown in the upper left-hand corner of this page.  The deadline to file and serve a written response is _____.  If you do not timely file and serve the response, the court may enter a judgment by default against you for the relief demanded in the Complaint.

A status conference in the adversary proceeding commenced by the Complaint has been set for:

| | |
|---|---|
| **Hearing Date:** _____<br>**Time:** _____<br>**Courtroom:** _____ | **Address:**<br>☐  255 East Temple Street, Los Angeles, CA 90012<br>☐  3420 Twelfth Street, Riverside, CA 92501<br>☐  411 West Fourth Street, Santa Ana, CA 92701<br>☐  1415 State Street, Santa Barbara, CA 93101<br>☐  21041 Burbank Boulevard, Woodland Hills, CA 91367 |

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

**You must comply with LBR 7016-1, which requires you to file a joint status report and to appear at a status conference.** All parties must read and comply with the rule, even if you are representing yourself.  You must cooperate with the other parties in the case and file a joint status report with the court and serve it on the appropriate parties at least 14 days before a status conference.  A court-approved joint status report form is available on the court's website (LBR form F 7016-1.STATUS.REPORT) with an attachment for additional parties if necessary (LBR form F 7016-1.STATUS.REPORT.ATTACH).  If the other parties do not cooperate in filing a joint status report, you still must file with the court a unilateral status report and the accompanying required declaration instead of a joint status report 7 days before the status conference.  **The court may fine you or impose other sanctions if you do not file a status report. The court may also fine you or impose other sanctions if you fail to appear at a status conference.**

**KATHLEEN J. CAMPBELL
CLERK OF COURT**

Date of Issuance of Summons and Notice of Status Conference in Adversary Proceeding: _____

By: _____
Deputy Clerk

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

357 E. 33rd Street
Los Angeles, CA 90011

A true and correct copy (1) of the foregoing document entitled: **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING [LBR 7004-1]** and (2) the accompanying pleading(s) entitled:

DECLARATORY JUDGMENT  FRBP 7001(9) INJUNCTIVE RELIEF IMPOSITION OF THE STAY FRBP 7001 (7) VALIDITY, PRIORITY

OR EXTENT OF LIEN TO REMOVE LIEN OF DEFENDANTS FRBP 7001 (2)

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*)
01/11/2021____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:
United States Trustee (LA) ustpregion16.la.ecf@usdoj.gov
Kathy A. Dockery (TR) EFiling@LATrustee.com
Law Offices of Sevan Gorginian sevan@gorginianlaw.com

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) 01/11/2021____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Law Offices of Sevan Gorginian  Kathy A. Dockery        United States Trustee (LA)    Mortgage Electronic
450 N. Brand Blvd Suite 600      Chapter 13 Trustee (TR)  915 Wilshire Blvd Suite 1850  Registration Systems, Inc
Glendale, CA 91203               801 Figueroa St. # 1850  Los Angeles, CA 90017        P. O. Box 2026
                                 Los Angeles, CA  90017                                Flint, MI  48501-2026

☒ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) 01/11/1021____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.
The United States Bankruptcy Court  Honorable Judge Ms. Sandra  R.  Klein  255 E. Temple Street , 15th Floor
Courtroom 1575, Los Angeles, CA 90012

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| 01/11/2021 | EVA  VAHLGREN | *Eva Vahlgren* |
| Date | Printed Name | Signature |

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.