# U.S. Bankruptcy Appellate Panel
# of the Ninth Circuit

125 South Grand Avenue, Pasadena, California 91105
(626) 229-7220

**TO:** Clerk, Bankruptcy Court, Los Angeles, Central District of California

**RE:**   JULIETA JIMENEZ

**CA No.:** 21-60061

**BAP No.:** CC-21-1089-LFS

**Bkcy Court No.:** 2:20-bk-20564-SK

**Adv No.:** 2:21-ap-01010-SK

The judgment of this Panel entered on 11/04/2021 was appealed to the United States Court of Appeals for the Ninth Circuit.

Attached is a copy of the mandate of the Court of Appeals received on 04/11/2022.

The Court of Appeals DISMISSED the appeal of the BAP decision.

Susan M Spraul, BAP Clerk

By: Cecil Lizandro Silva, Deputy Clerk
Date: April 11, 2022

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 11 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re: JULIETA JIMENEZ,<br><br>Debtor,<br>-------------------------------<br>JULIETA JIMENEZ,<br><br>Appellant,<br><br>v.<br><br>ARCPE 1, LLP, AKA ARCPE Holding, LLP, c/o Wilshire Financial Network (W.F. Loan Service),<br><br>Appellee. | No. 21-60061<br><br>BAP No. 21-1089<br>BAP, Los Angeles Bankruptcy Court<br><br>**MANDATE** |

The judgment of this Court, entered March 18, 2022, takes effect this date.

This constitutes the formal mandate of this Court issued pursuant to Rule 41(a) of the Federal Rules of Appellate Procedure.

FOR THE COURT:

MOLLY C. DWYER
CLERK OF COURT

By: Quy Le
Deputy Clerk
Ninth Circuit Rule 27-7



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 18 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

In re: JULIETA JIMENEZ,

        Debtor.

───────────────────────

JULIETA JIMENEZ,

        Appellant,

  v.

ARCPE 1, LLP, AKA ARCPE Holding, LLC, c/o Wilshire Financial Network (W.F. Loan Service),

        Appellee.

No.   21-60061

BAP No. 21-1089

ORDER

Before: TASHIMA, FRIEDLAND, and BADE, Circuit Judges.

The Bankruptcy Appellate Panel's ("BAP") judgment was entered on November 4, 2021. Appellant's notice of appeal from that judgment was filed in the district court on December 14, 2021. A review of the record and appellant's response to this court's December 15, 2021 order to show cause demonstrates that this court lacks jurisdiction over the appeal because the December 14, 2021 notice of appeal was not filed within 30 days after entry of the BAP's November 4, 2021 judgment. *See* Fed. R. App. P. 4(a)(1), 6(b)(1)(A); *In re Loretto Winery Ltd.*, 898 F.2d 715, 717 (9th Cir. 1990) (notice of appeal from BAP decision untimely when

DA/Pro Se

filed beyond 30-day period specified in Fed. R. App. P. 4(a)).  Appellant's November 23, 2021 motion for rehearing was filed more than 14 days after entry of the judgment, and did not toll the time to appeal from the judgment.  *See* Fed. R. App. P. 6(b)(2)(A); Fed. R. Bankr. P. 8022(a)(1)("Unless the time is shortened or extended by order or local rule, any motion for rehearing by the district court or BAP must be filed within 14 days after entry of judgment on appeal."); *In re D.W.G.K. Restaurants, Inc.*, 42 F.3d 568, 569 (9th Cir. 1994) (untimely motion for rehearing in bankruptcy appeal does not toll time to appeal judgment).  This court may not extend the time to appeal the judgment based on appellant's assertion that she was informed by the BAP that she could file a late motion for rehearing.  *See Bowles v. Russell*, 551 U.S. 205 (2007) (court lacks authority to create equitable exceptions to jurisdictional requirement of timely notice of appeal).  Consequently, this appeal is dismissed for lack of jurisdiction.

    **DISMISSED.**